Robert C. HOFFMAN, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13610.

United States Court of Appeals Third Circuit.

Argued Oct. 19, 1961.

Decided Jan. 25, 1962.

Elmer M. Morris, York, Pa. (J. Richard Budding, York, Pa., Morris & Vedder, York, Pa., Budding & Yost, York, Pa., on the brief), for petitioner.

Earl J. Silbert, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Department of Justice, Washington, D. C., on the brief), for respondent.

Before KALODNER, HASTIE and GANEY, Circuit Judges.

GANEY, Circuit Judge.

This proceeding is upon petition by the taxpayer for a review of the decision of the Tax Court of the United States, denying in part the taxpayer's petition for a redetermination of the Commissioner of Internal Revenue's assessment of deficiencies in the taxpayer's income tax returns for the years 1948, 1949 and 1950.[1]

A record of the returns, as filed and determined by the Commissioner, follows:

| | Income Reported | Income Determined | Tax Paid | Deficiency Tax | Estimated Tax Paid |
|---|---|---|---|---|---|
| 1948 | $22,894.06 | $172,095.20 | $7,006.51 | $41,640.56 | $8,000.00 |
| 1949 | $25,817.17 | $ 88,399.99 | $8,505.55 | $ 6,789.19 | $7,006.51 |
| 1950 | $22,272.01 | $ 64,118.71 | $6,933.06 | $12,541.22 | $8,800.20 |

For all three years mentioned, there were penalties imposed with the deficiency tax, under Sec. 294(d) (2).[2]

During the years in question, the petitioner, who resides in York, Pennsylvania, was engaged in several businesses. He owned a company which manufactured and sold numerous types of weight lifting and body building equipment; a publishing company that printed a maga-

---

[1]. The decision of the Tax Court is reported in 19 T.C.M. 838 (1960).

[2]. Sec. 294(d) (2) of Title 26, U.S.C.1952 Ed., provides for penalties for substantial underestimating of estimated tax.

zine and books written by him on health, body building, weight lifting and related subjects; a factory where casts for barbells were manufactured and custom work performed for others; and an establishment where light fixtures were sold. In addition, he was a stockholder in a corporation that manufactured carbon dioxide dispensing equipment. Since 1936, a bookkeeper, one Dietz, who was not an accountant, and had only taken one course in bookkeeping, kept separate records and books on the accrual basis for each of the companies involved, while maintaining a separate record of transactions of the petitioner which were kept on the cash receipt and disbursement method of accounting. The above books and records were incomplete, inadequate and in no wise covered the entire transactions involved over the years in question. The Commissioner after inspecting the records of the petitioner discovered that the cash expenditures for the years involved were substantially in excess of the net income reported, although he did not assert that he found any false items in the petitioner's books of account.

The petitioner claims: *First*. That the Tax Court erred in sanctioning the Commissioner's use of the so-called "cash expenditure" method of determining his alleged unreported income for the years in question. *Second*. That the Commissioner had not met the requirements for the use of that method in reconstructing income. *Third*. That the Tax Court erred in holding that the presumption of correctness of the Commissioner's determination remained, as to those items which the taxpayer did not prove incorrect. *Fourth*. That the Tax Court erred in including penalties under Sec. 294(d) (2) of the Internal Revenue Code of 1939 for the years 1949 and 1950.

We shall now examine the contentions of the taxpayer.

The taxpayer insists that unless there are no records, or that the records are totally inadequate, or where there is a strong suspicion that the taxpayer has received income from undisclosed or illegal sources, the use of the "cash expenditure" method of determining income is capricious, arbitrary and unwarranted. In view of Holland v. United States, 348 U.S. 121, 130–132, 75 S.Ct. 127, 99 L.Ed. 150, as well as Hargis v. Godwin, 8 Cir., 221 F.2d 486, 491; Davis v. Commissioner, 7 Cir., 239 F.2d 187; Canton v. United States, 8 Cir., 226 F.2d 313, 322–323; Stephens v. Commissioner, 10 Cir., 255 F.2d 108, 109; Olinger v. Commissioner, 5 Cir., 234 F.2d 823, this argument may no longer prevail.

■■ The use of the "cash expenditure method," an outgrowth of the more well known net worth method of reconstructing income, has been applied in civil as well as criminal cases and has been frequently sustained. Friedberg v. United States, 6 Cir., 207 F.2d 777, affirmed 348 U.S. 142, 75 S.Ct. 138, 99 L.Ed. 188; Viles v. Commissioner, 6 Cir., 233 F.2d 376; Cohen v. Commissioner, 10 Cir., 176 F.2d 394; Marcella v. Commissioner, 8 Cir., 222 F.2d 878, 884; Thomas v. Commissioner, 1 Cir., 232 F.2d 520 and Schwarzkopf v. Commissioner, 3 Cir., 246 F.2d 731, 733–734, decided in this circuit, where it was said that this method has a two-fold purpose. *First*. To test the taxpayer's books and records. *Second*. To serve as evidence of unreported income. We feel that in this instance the Commissioner's use of the net worth or cash expenditure method of computing income was fair and proper and in no sense capricious or arbitrary.

With respect to the second contention of the petitioner that the Tax Court held that the Commissioner had not met the requirements for the use of the "cash expenditure method" of reconstructing income, we do not agree.

■ It is now well established that when the Commissioner resorts to the "cash expenditure method" of reconstructing income, it is necessary that he meet the requirements for its use established by the Supreme Court and the

Courts of Appeals. Holland v. United States, supra; United States v. Caserta, 3 Cir., 199 F.2d 905; Friedberg v. United States, supra. The Supreme Court, in the Holland case, laid down the requirements for the use of the "cash expenditure method" of reconstructing income when it said at p. 132, 75 S.Ct. at p. 134:

" * * * an essential condition in cases of this type is the establishment, with reasonable certainty, of an opening net worth, to serve as a starting point from which to calculate future increases in the taxpayer's assets. The importance of accuracy in this figure is immediately apparent, as the correctness of the result depends entirely upon the inclusion in this sum of all assets on hand at the outset."

Again, in United States v. Caserta, supra, at pp. 906-907, a case in this circuit, Judge Goodrich pointed out:

"An outgrowth of this net worth method is the 'expenditure' test involved in this case. The theory of it is simple, though its application may become difficult. It starts with an appraisal of the taxpayer's net worth situation at the beginning of a period. He may have much or he may have nothing. If, during that period, his expenditures have exceeded the amount he has returned as income and his net worth at the end of the period is the same as it was at the beginning (or any difference accounted for), then it may be concluded that his income tax return shows less income than he has in fact received."

This rule has been followed in civil cases as well as criminal cases. Marcella v. Commissioner, supra; Goldberg v. Commissioner, 5 Cir., 239 F.2d 316, 318; Cohen v. Commissioner, supra.

The taxpayer presses upon us for consideration, among other cases, United States v. Caserta, supra, and Thomas v. Commissioner, supra. In the latter case the Court said, referring to the Tax Court's ruling:

" * * * * 'The deficiencies were determined upon the assumption that Thomas had no cash on hand on January 1, 1943. The burden is upon the petitioners to prove the amount of cash on hand.' And again (313): 'The record is at least equally consistent with the conclusion that he had no cash. The petitioners have shown no basis for a finding that they had any cash on hand at any of the critical dates, and accordingly we must sustain the respondent as to that matter.'

"We believe that these quoted passages do not correctly state the law. The presumption which favors the determinations of the Commissioner is not to be regarded as meaning that any arbitrary figure assigned to the cash on hand account without support in the record must nonetheless be treated as conclusive in the absence of an affirmative showing by the taxpayer of the correct amount."

We can find no inconsistency in these cases with the holding of the Tax Court in the instant case. Here, the Tax Court found that the Commissioner did everything that was possible for him to do for, in addition to examining the meager books and records of the petitioner, he examined the tax returns of the taxpayer which were put in evidence for the years 1927 to 1947. While both the petitioner and the respondent make conflicting inferences to be drawn from them, the petitioner, alleging that there was some substantial income as of January 1, 1948, and the respondent, contending that at the most there could only be some $28,000 of income and that this was in all probability spent during these years for non-depreciable assets unsold or for depreciable assets which the taxpayer failed to include in his tax returns for 1934 to 1938, when he first started in business, that, nevertheless, he should have come forward and produced some evidence to show that the finding of the Tax Court

that "There is no direct evidence of any available funds on hand at January 1, 1948, either in the possession of the petitioner or in his businesses." was clearly erroneous and arbitrary. In spite of the fact that the books and records of the taxpayer were, as has been indicated, meager, and in no sense comprehensive of his business, he never offered them in evidence although he had them available in court. Here the rule may be invoked that the failure of a party to introduce evidence within his possession gives rise to the presumption that, if produced, it will be unfavorable to him. Stoumen v. Commissioner, 3 Cir., 208 F.2d 903; O'Dwyer v. Commissioner, 4 Cir., 266 F.2d 575. Additionally, the petitioner did not take the stand and if, as he now contends, there was income available, all he had to do was to take the stand and rebut the Commissioner's findings and make some specific showing of assets as of that date on a point most important to him. This becomes especially important when we find that as of January 15, 1938, he made a payment of $3,937.38 on his income taxes. Further, the Commissioner, in the attachment to the notice of deficiency given to the petitioner as to each of the years, sets out in detail the "sources of funds" which he could ascertain or identify as having been made available for the expenditures which he determined had been made. Here again, all the defendant had to do was come forward and make some showing that there were definite assets available. This is so, because Rule 32 [3] of the Rules of Practice of the Tax Court, as well as the Supreme Court in Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 and Helvering v. Taylor, 293 U.S. 507, 508, 55 S.Ct. 287, 79 L.Ed. 623, state that the Commissioner's determination of deficiency in tax bears a presumption of correctness, and the burden of proof is upon the petitioner to show error therein.

With respect to the third contention of the taxpayer, that since certain items in the Commissioner's determination of deficiencies were inaccurate, the presumption of correctness, as herein above indicated, no longer obtained, as to those items which the taxpayer did not prove incorrect, we do not agree. Here, too, it has long been recognized that where error has been shown by the taxpayer which does not affect the entire deficiency but only a separable part of it and if the error does not reveal a careless or arbitrary attitude on the part of the Commissioner, then the presumption of correctness remains with the other items composing the deficiency determination. Cefalu v. Commissioner, 5 Cir., 276 F.2d 122, 126; Clark v. Commissioner, 9 Cir., 266 F.2d 698, 707; Anderson v. Commissioner, 5 Cir., 250 F.2d 242, 246, cert. denied 356 U.S. 950, 78 S.Ct. 915, 2 L.Ed.2d 844. There were admittedly errors made in the Commissioner's determination such as the Tax Court's correction of a stock purchase from J. L. See which cost only $3,000 instead of the face value of the stock, $20,000—relied on by the Commissioner. Likewise, error was made in finding that the taxpayer paid his ex-wife $100 per week, which he did not pay. Additionally, there was a showing that living expenses of the taxpayer for the years in question, found by the Commissioner, were too high and were reduced to a modest amount for the years in question. However, it has been held specifically that the burden is with the taxpayer to show, with respect to each item, that the Commissioner was wrong in his determination. Anderson v. Commissioner, supra; Goldberg v. Commissioner, supra; Clark v. Commissioner, supra.

We agree with the last contention made by the petitioner, to wit, that the decision of the Tax Court imposing penalties for the years 1949 and 1950 was

---

3. Rule 32 of the Rules of Practice of the Tax Court, 26 U.S.C.A. (I.R.C.1954) § 7453, (Revised 1957) provides: "The burden of proof shall be upon the petitioner, except as otherwise provided by statute, and except that in respect of any new matter pleaded in his answer, it shall be upon the respondent."

erroneous, as the taxpayer's declaration of estimated income tax is in conformity with that shown on the prior year's return. For the year 1948, however, the penalty was correctly imposed.

For the above cited reasons, the decision of the Tax Court is affirmed with the exception of the imposition of penalties under Sec. 294(d) (2) for the years 1949 and 1950.