CLARKE G. WARD AND DOROTHIE M. WARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ward v. Commissioner
Docket No. 11040-76.
United States Tax Court
T.C. Memo 1978-511; 1978 Tax Ct. Memo LEXIS 3; 37 T.C.M. (CCH) 1852; T.C.M. (RIA) 78511; December 27, 1978, Filed *3 Petitioner failed to prove that business expenses paid in cash, claimed on his return and allowed by respondent, were not paid from unreported income. Respondent's determination of additional, unreported income approved. Clarke G. Ward, pro se. William T. Overton, for respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' income taxes as follows: Petitioner
Year
Deficiency
Clarke G. Ward
1972
$ 2,163.36
1973
2,045.83
Clarke G. Ward and
Dorothie M. Ward
1974
4,098.11
As a result of concessions *4 by the parties, the only issue for decision is whether petitioners had unreported income of $ 9,362.18 in calendar year 1974. Petitioner Clarke G. Ward conceded the deficiencies for 1972 and 1973. FINDINGS OF FACT Most of the facts have been stipulated and are so found.
Petitioners Clarke G. Ward and Dorothie M. Ward, husband and wife, resided in Houston, Tex., when their petition was filed. Dorothie M. Ward is a petitioner only because the couple filed a joint return for 1974 (with the Director of Internal Revenue Service Center, Austin, Tex.); for convenience we will hereinafter refer to Clarke G. Ward alone as petitioner. During 1974 petitioner, a practicing lawyer, maintained his records and reported his taxable income under the cash basis of accounting. Gross receipts reported on the return were taken from the deposits made to petitioner's business bank account during 1974. The deductions, other than for depreciation, were derived from a workpaper analysis of checks drawn on petitioner's business bank account during 1974. Checks drawn for the payment of a deductible business expense were classified and posted to an appropriately designated account. Nonbusiness items, *5 such as personal drawings, were similarly posted to this workpaper. With two exceptions the amount of each business expenditure deducted on petitioners' income tax return was the same as that reflected in the workpaper analysis. The exceptions are that on the return deductions were claimed for salaries and rent expense in the amounts of $ 6,719.62 and $ 6,792.51, respectively. In comparison, the workpaper showed that checks had been drawn on petitioner's bank account for such items for only $ 2,184.75 and $ 1,965.20, respectively. The aggregate difference of $ 9,362.18 was paid by cash. In the notice of deficiency, respondent determined that petitioner understated taxable income by $ 9,362.18 in 1974, the amount of "unexplained cash." That is, since cash funds used to pay salary and rent expenses were not deposited in his business bank account, respondent assumes the unexplained cash represents unreported income from petitioner's law practice. ULTIMATE FINDING OF FACT Petitioners had unreported income of $ 9,362.18 in the calendar year 1974. OPINION The parties stipulated that the sole issue remaining in this case is whether the cash funds utilized by petitioner to pay *6 salaries and rent expense in 1974 in the amounts of $ 4,534.87 and $ 4,827.31, respectively, were derived from a taxable or nontaxable source. Absent a showing that petitioner had undeposited cash at the beginning of 1974, or had some other nontaxable source of cash (for example, loans, gifts, sales of property), respondent determined this $ 9,362.18 in "unexplained cash" was unreported taxable income derived from petitioner's law practice. Initially, petitioner disputes respondent's authority to use this "cash expenditures" method in determining unreported taxable income in a civil case absent fraud. Although such an indirect method of reconstructing income calls for close scrutiny, ample authority exists for its use here. The Fifth Circuit Court of Appeals, to which an appeal in this case would lie, approved the use of such a method in Goldberg v. Commissioner,239 F. 2d 316 (5th Cir. 1956), affirming a Memorandum Opinion of this Court on this issue. As we said in our Memorandum Opinion: The cash expenditures method utilized by respondent is not a "method of accounting" within the scope and meaning of section 41, supra. [the predecessor of section 446]. *7 Rather, when correctly applied, it is only evidence of income. Cf. Estate of W. D. Barlett, 22 T.C. [(No. 151) * * * (September 21, 1954). Nor is the use thereof forbidden merely because a taxpayer presents books from which an income can be computed. The cash expenditures method, when properly applied, provides cogent evidence as to the reliability of such books. Thus, where the application thereof results in a wide variance with the income as computed from such books, the trustworthiness of the books is placed in serious doubt. * * * Although we found fraud and invoked the penalty therefor, our approval of the cash expenditures method was independent of the fraud issue. Indeed, the Fifth Circuit reversed our determination of fraud. The cash expenditures method also was approved where the fraud issue was conceded by respondent on brief in Hoffman v. Commissioner,298 F. 2d 784 (3d Cir. 1962), affirimg T.C. Memo. 1960-160 on this issue. Petitioner's challenge to respondent's use of the cash expenditures method was not supported by citation of authority, and in light of Goldberg and Hoffman his challenge has no merit. On brief petitioner, *8 appearing pro se, attempts to explain the source of the $ 9,362.18 cash as the failure of respondent "to take into consideration loans received by Petitioner in excess of $ 10,000.00 and bank overdrafts in excess of $ 10,000.00." Alleged loans: In his petition petitioner alleged that he received $ 29,000 in loans during the taxable year. In his opening statement at trial he claimed there were loans of $ 20,000. In his brief petitioner alleged that he received an $ 8,000 loan from his ex-brother-in-law and other smaller loans. We must reject these allegations, however, because no evidence was offered during trial to support them. Bank overdrafts: Petitioner also argued that he had bank overdrafts for deductible expenses that he subsequently paid. How this argument would help petitioner was not made clear since respondent allowed deductions for operating expenses paid out of cash. This argument is not relevant to the issue here, which the parties stipulated was whether the $ 9,362.18 in cash used to pay salaries and rent was derived from a taxable source. Simply put, petitioner has not sustained his burden of proving the respondent wrong. Accordingly, we must sustain respondent's *9 determination that the $ 9,362.18 in unexplained cash was derived from unreported income during 1974. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure; Goldberg v. Commissioner and Hoffman v. Commissioner,supra.
Because of concessions made by the parties, Decision will be entered under Rule 155.