LUCY RIMPLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rimple v. Commissioner
Docket No. 5125-79.
United States Tax Court
T.C. Memo 1985-245; 1985 Tax Ct. Memo LEXIS 386; 49 T.C.M. (CCH) 1533; T.C.M. (RIA) 85245; May 23, 1985. *386 Held: (1) The statutory notice of deficiency was not issued arbitrarily; (2) petitioner failed to carry her burden of proving any error in respondent's deficiency determination; (3) section 66(c), I.R.C. 1954, as amended, does not relieve petitioner of tax liability on unreported community income and (4) petitioner is liable for additions to tax under sections 6651(a) and 6653(a), I.R.C. 1954. Towner Leeper, for the petitioner. David W. Johnson, for the respondent. WITHAKER MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in petitioner's Federal income tax liability for the calendar year 1976 in the amount of $14,077.40, and additions to tax under sections 6651(a) [1] and 6653(a), in the amounts of $3,519.35 and $703.87, respectively. [2] *387 The issues for our decision are: (1) Whether respondent's issuance of the statutory notice of deficiency was arbritrary thereby shifting the burden of going forward with the evidence to respondent; [3]
(2) whether petitioner carried her burden of proof *388 in establishing any error in respondent's deficiency determination; (3) whether petitioner meets the requirements of and is entitled to the relief provided in section 66(c); [4] and (4) whether additions to tax under sections 6651(a) and 6653(a) are warranted. For convenience, our Findings of Fact and Opinion are combined. Some of the facts have been stipulated and are so found. At the time of filing the petition, petitioner resided in El Paso, Texas. Texas is a community property state. During 1976, the year in issue in this proceeding, petitioner was married to David Rimple. They were divorced in January 1978. For the taxable years 1974 and 1975, petitioner and her then husband filed joint Federal income tax returns. Attached to these returns were Schedules C for two sole proprietorships: Dave's Import Service which repaired *389 automobiles and sold Volkswagon parts at retail and Dave's Import Auto Sales which sold cars at wholesale. Petitioner and David Rimple did not file a joint Federal income tax return for 1976 nor had petitioner, as of trial, filed an individual return for 1976. During 1976, the Rimples continued to conduct business as Dave's Import Service and Dave's Import Auto Sales. Petitioner was the bookkeeper for these businesses. In addition to these businesses, David Rimple started Dave's Import Trucking in mid-1976 by purchasing trucks and truck trailers to haul produce and freight. This trucking business was initially conducted at the same business location as Dave's Import Service. However, shortly after starting the business, David Rimple leased the trucks to a Mr. Howard, who was authorized to pick up loads at ports of entry. The lease arrangement consisted of an agreement that, after paying the drivers, insurance and loan payments on the trucks from receipts of the business, all profits would be evenly divided between David Rimple and Mr. Howard. The books and records of the trucking business were thereafter maintained by Mr. Howard. Petitioner wrote checks on the trucking business' *390 bank account which David Rimple maintained but did not actively participate in the conduct of that business. During 1978, respondent conducted investigations of David Rimple's criminal tax liability and petitioner's and David Rimple's civil tax liability for the years 1974, 1975 and 1976. Petitioner and David Rimple were independently interviewed by respondent's agents during the criminal investigation. On February 13, 1978, David Rimple filed a delinquent individual income tax return, married filing separately, for the 1976 taxable year. He attached to this return one Schedule C which reflected income and expenses of the automotive repair business. No income from the wholesale car sales or the trucking business was reported on the return. Based on a source and application of funds income reconstruction, respondent determined that there was an understatement on this return of the Rimples' taxable income of $135,205.00 computed as follows: Source
Application
Cash
$ 3,370.08
Cash
$ 3,248.95
Loans
184,486.50
Personal Living Expenses
18,227.63
1970 International [5]
6,500.00
1970 International
6,500.00
Gross Receipts
Itemized Payments
301,614.83
Reported on
Cost of Goods Sold
22,343.51
Schedule C
143,323.00
Other Expenses
Itemized on Schedule C
120,951.00
$337,679.58
$472,885.92
Application
$472,885.00
Source
337,679.58
Understatement (rounded)
$135,205.00
As *391 reflected above, respondent included as a source of income for 1976 loans of $184,486.50. These bank loans had been substantiated during the investigations. Respondent did not include a loan of $30,000 from Mr. Arturo Lopez [6] *392 or an unspecified number of loans of $1,200 to $1,500 from unidentified individuals [7] which David Rimple purportedly had obtained during 1976. [8] At no time did David Rimple provide substantation for any of these purported loans. Petitioner was not present when any of these alleged loans were made, never saw any notes or other legal documents which would indicate such loans had, in fact, been made and, other than the Lopez loan about which her husband informed her, did not know from whom her husband had ostensibly obtained loans or the amount of any specific loan. Consequently, petitioner never provided any substantiation for any purported loan. On March 28, 1979, respondent mailed to petitioner a statutory notice of deficiency for the taxable year 1976 in which respondent determined that, based on petitioner's community property share of unreported business net income of $64,583, [9] *393 her tax deficiency for 1976 was $14,077.40. [1]0 Petitioner initially challenges respondent's deficiency determination on the basis that the statutory notice was arbitrary and without foundation, thereby shifting the burden of going forward with the evidence to respondent. In making this argument, petitioner asserts that: (1) Respondent's agents ignored nontaxable sources of income in the source and application of funds income reconstruction on which the deficiency is based; *394 (2) respondent's agents repeatedly violated audit standards set forth in the IRS Manual; and (3) the unreported business income respondent attributes to petitioner is from a business in which she did not participate and of which she had no knowledge. This case is governed by the general rule, as stated in Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327-328 (1974), that the: Court will not look behind a deficiency notice to examine the evidence used or the propriety of respondent's motives or of the administrative policy or procedure involved in making his determinations. * * * The underlying rationale for [this] is the fact that a trial before the Tax Court is a proceeding de novo [and the Court's] determination as to a petitioner's tax liability must be based on the merits of the case and not any previous record developed at the administrative level. Only in the most unusual circumstances, none of which are present in this case, will the Court go behind the statutory notice of deficiency and examine respondent's basis for issuing the notice. Petitioner does not challenge respondent's use of the source and application of funds method of reconstructing income [1]1 or the *395 expenditure side of this reconstruction. Petitioner argues, however, that respondent's deficiency determination is arbitrary because respondent failed to investigate and allow as a source of income in respondent's income reconstruction certain loans identified by petitioner's spouse during the investigative stage. Petitioner also asserts that she was not afforded an opportunity to provide substantiation for these loans. Based on the record we cannot find that the purported loans were improperly omitted from respondent's income reconstruction. Proper use of the source and application of funds method of income reconstruction requires that respondent either present evidence of a likely source of currently taxable income or negate nontaxable sources of income. *396 United States v. Massei,355 U.S. 595 (1958); Holland v. United States,348 U.S. 121 (1954); Hoffman v. Commissioner,298 F.2d 784 (3rd Cir. 1962). In the instant case, respondent has identified the three businesses conducted by petitioner and David Rimple during 1976 as likely sources of the unreported and currently taxable income attributed to them in his income reconstruction. Having shown a likely source, he is not required to negate all theoretical sources of nontaxable income. Respondent's agents investigated purported loans when sufficient information was provided. However, "where relevant leads are not forthcoming, the Government is not required to negate every possible source of nontaxable income, a matter peculiary within the knowledge of [petitioner]." Holland v. United States,supra at 138; United States v. Penosi,452 F.2d 217, 220 (5th Cir. 1971); Talik v. United States,340 F.2d 138, 140 (9th Cir. 1965). Since respondent's agents never received any viable lead or substantiation of the omitted loans, neither respondent's decision to exclude these amounts from the income reconstruction nor the decision to issue a notice of deficiency was arbitrary. The alleged failure *397 of respondent's agent to follow the provisions of the Internal Revenue Manual concerning audits, even if true, does not render respondent's issuance of a statutory notice of deficiency arbitrary. Cf. Riland v. Commissioner,79 T.C. 185, 200-202 (1982), and the cases cited therein. Similarly, the fact that petitioner was not afforded an administrative hearing prior to issuance of the statutory notice of deficiency does not indicate that issuance of that notice is arbitrary. Brown v. Commissioner,T.C. Memo. 1968-29, 27 T.C.M. 127, 134; 37 P-H Memo T.C. par. 68,029 at 158-68, affd. per curiam, 418 F.2d 574 (9th Cir. 1969); Boyer v. Commissioner,69 T.C. 521, 544 (1977); Montgomery v. Commissioner,65 T.C. 511, 522 (1975). [12]
Petitioner's final basis for arguing that respondent's deficiency determination and issuance of a statutory notice of deficiency is arbitrary is that respondent attributed to her income generated by a business in which she did not actively participate or have knowledge. The parties *398 do not dispute that under the community property laws of Texas one-half of the community income is taxable to petitioner. United States v. Mitchell,403 U.S. 190 (1971); Hopkins v. Bacon,282 U.S. 122 (1930). Petitioner's ignorance of all of her husband's business activities is irrelevant to her tax liability for community income. Petitioner and/or her husband were engaged in at least three businesses which generated income in 1976. The reconstruction of income undertaken by respondent focused on these income-generating businesses. The link between petitioner and the unreported income was, therefore, clearly established in this case. See Llorente v. Commissioner,649 F.2d 152, 156 (2d Cir. 1981), revg. in part, affg. on this issue, 74 T.C. 260 (1980). Under the facts of this case, she is taxable on her community property share of the Rimples' income from all sources during 1976. For the reasons discussed above, we conclude that respondent did not act arbitrarily in determining petitioner's tax liability for 1976 and issuing a statutory notice of deficiency. We now turn to petitioner's second argument--that she has established sufficient error in respondent's determination to shift *399 the burden of going forward with the evidence to respondent. Respondent's determination as set forth in the statutory notice of deficiency has the presumption of correctness. The parties agree that the burden of proof as to any error in this determination initially rests with petitioner. Rule 142; Welch v. Helvering,290 U.S. 111 (1933). To overcome the presumption of correctness which attahces to the statutory notice of deficiency petitioner must present "competent and relevant credible evidence" which is sufficient to establish that respondent's determination is erroneous. Baird v. Commissioner,438 F.2d 490, 493 (3d Cir. 1970); Silverman v. Commissioner,538 F.2d 927, 931 (2d Cir. 1976); Demkowicz v. Commissioner,551 F.2d 929, 931 (3d Cir. 1977). Petitioner has failed to provide such evidence. Relying on Demkowicz v. Commissioner,supra and Judge Tannenwald's concurring opinion in Llorente v. Commissioner,74 T.C. 260, 277 (1980), petitioner asserts that it is well settled that a petitioner's uncorroborated testimony may be sufficient to carry the burden of proof in an unreported income case in which respondent has failed to produce any evidence to support the deficiency. Petitioner *400 argues that her denial of receipt of the income and statement that "Dave's Imports" could not have generated $135,000 of unreported income is sufficient evidence to carry her burden of proof. We do not agree. In the instant case, respondent offered testimonial and documentary evidence to support his deficiency determination. Therefore, the authorities cited by petitioner are inapplicable to the facts of this case. Additionally, as noted by the Appellate Court in Demkowicz v. Commissioner,supra at 931, "the Tax Court [is] not bound to accept taxpayer's uncontradicted testimony if it found the testimony to be improbable, unreasonable or questionable." See also Baird v. Commissioner,supra at 493. Even had respondent offered no evidence, petitioner's testimony is insufficient to carry her burden of proof. Her testimony was vague, indefinite and inconsistent concerning the various businesses and her activities therein. [13] By her own admission she had no involvement in one of the three businesses conducted by the Rimples in 1976. In arguing that respondent attributed income from the "wrong business" to her, petitioner impliedly has conceded that this business may have generated the *401 unreported income. On the whole, we find petitioner's testimony unreliable and of questionable probative value. Based on the foregoing, we find that petitioner failed to carry her burden of proof as to the asserted errors in respondent's deficiency determination. Petitioner asserts that the new section 66(c), added by the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 494, 803, but made applicable to all pending cases, is dispositive of this case and relieves her of any tax liability for the Rimple's unreported income in 1976. Section 66(c), as amended, reads: (c) SPOUSE RELIEVED OF LIABILITY IN CERTAIN OTHER CASES.--Under regulations prescribed by the Secretary, if-- (1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of *402 the other spouse, (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income, then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual). Respondent concedes that petitioner has satisfied the first and second prerequisites for relief from liability under section 66(c). The parties disagree as to whether the remaining requirements are met. We agree with respondent they are not. Petitioner knew of, or had reason to know of, the community income attributed to her in the notice of deficiency. [14] She actively participated in two businesses which generated part of the unreported income--Dave's Import Service and Dave's Import Auto Sales. Further, she knew of, and wrote checks on the account of, the third business which generated said income--Dave's Import Trucking. We conclude, therefore, that petitioner cannot be relieved of her tax liability on her share of unreported *403 community income under section 66(c). . Additions to tax under sections 6651(a) and 6653(a) are presumed correct and are generally upheld unless the taxpayer presents evidence controverting their applicability. Abramo v. Commissioner,78 T.C. 154, 163 (1982). Petitioner has presented no evidence to dispute respondent's determinations as to these additions to tax. Accordingly, we find petitioner liable for the additions to tax determined by respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. This case was originally part of a consolidated group of related cases. It was severed from consolidation by order of Judge Whitaker dated Nov. 8, 1983. A stipulated decision based on the innocent spouse provisions of sec. 6013(e) was entered in the related case of Lucy Rimple, docket No. 5126-79. Motions to Dismiss for Lack of Prosecution were granted in the related cases of David Rimple, docket Nos. 8092-79 and 8093-79.
3. Petitioner initially asserted that respondent's "statutory notice was arbitrary" in the amended petition filed Sept. 26, 1983 pursuant to the grant of petitioner's Motion to Amend Petitions in docket Nos. 5125-79 and 5126-79. On brief, petitioner erroneously asserts that a determination that the statutory notice of deficiency was arbitrarily issued would satisfy petitioner's burden of proof. In Dellacroce v. Commissioner,83 T.C. 269, 280↩ (1984), the Court held that "a showing that the statutory notice is arbitrary and excessive * * * has the effect of shifting the burden of going forward to respondent." Such showing does not, in and of itself, satisfy or shift petitioner's burden of proving error in the deficiency determination.
4. By leave of the Court, this issue was raised subsequent to trial of this case and filing of briefs. Petitioner's Motion for Leave to File Amendment to Petition to raise this issue was granted on Mar. 1, 1985, and respondent's Answer to Second Amendment↩ to Petition was filed Mar. 11, 1985. Supplemental briefs addressing this issue were filed by both parties.
5. We cannot determine from the record whether these amounts are properly characterized as a loan and loan repayment. ↩
6. According to David Rimple, $6,000 of this loan was repaid during 1976. As he advised respondent's agents that Mr. Lopez had died in Feb. 1977, they requested that he provide them with the name and telephone number of Mr. Lopez' widow who had remarried and moved to Mexico City and/or a copy of the note for this loan purportedly executed at the Chamizal Bank in Juarez, Mexico. No response to these requests was ever received. 7. Respondent also did not include a purported loan of $4,000 of $5,000 from Mr. Bob Boyles which David Rimple inconsistently stated had been obtained in 1976 and 1975. ↩
8. Based on an interview with John Whittaker, respondent determined that Mr. Whittaker had made loans totaling $40,000 to David Rimple in 1974 and 1975. Respondent, therefore, included $20,000 of these loans in his reconstruction of taxable income for each of those years rather than in 1976.↩
9. This amount represents one-half of the understatement of income determined by respondent's source and application of funds income reconstruction of David Rimple's 1976 return and reflects a subsequent depreciation allowance adjustment. This method, an outgrowth of the more well known net worth method of income reconstruction, "is based on the assumption that the amount by which a taxpayer's application of funds during a taxable period exceeds his reported sources of funds for that same period has, absent some explanation by the taxpayer, taxable origins." Troncelliti v. Commissioner,T.C. Memo. 1971-72, 30 T.C.M. 297, 301; 40 P-H Memo T.C. par. 71,072 at 318-71.
[1]0 Petitioner asserted on brief that, if the substantive issues in the case were determined against her, computation of the deficiency under Rule 155 would be necessary to allow for income averaging.Exhibit B of the statutory notice of deficiency clearly indicates that computation of the deficiency already reflects this adjustment. Although petitioner was relieved of certain tax liabilities pursuant to sec. 6013(e) for the taxable years 1974 and 1975, sec. 1302(a)(1) defines "averagable income" in terms of taxable income, not income on which the taxpayer actually paid taxes. See also sec. 1302(a)(2) and Unser v. Commissioner,59 T.C. 528, 530↩ (1973). Respondent correctly used petitioner's taxable income, as reconstructed, in the income averaging computation.
12. See also Terry v. Commissioner,T.C. Memo. 1978-81; Bonacci v. Commissioner,T.C. Memo. 1977-172; Rosenberg v. Commissioner,T.C. Memo. 1970-201, affd. 450 F.2d 529↩ (10th Cir. 1971).
13. This Court has consistently refused to base its decision on such testimony. See Mahigel v. Commissioner,T.C. Memo. 1983-529; Skirpan v. Commissioner,T.C. Memo. 1983-439; Balinsky v. Commissioner,T.C. Memo. 1975-100↩.
14. Since petitioner must meet each of the four prerequisites, we need not determine the equitability of including the community income in her gross income↩