NEIL S. HAWK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hawk v. Commissioner
Docket No. 15618-90
United States Tax Court
T.C. Memo 1992-42; 1992 Tax Ct. Memo LEXIS 48; 63 T.C.M. (CCH) 1889; T.C.M. (RIA) 92042; January 21, 1992, Filed *48 An order will be entered granting petitioner's motion to dismiss, deeming petitioner's motion to enjoin collection moot, and denying respondent's motion to dismiss for lack of jurisdiction. Daniel Morman, for petitioner. Donald M. Brachfeld, for respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on petitioner's motions to dismiss for lack of jurisdiction and to enjoin collection proceedings and respondent's cross-motion to dismiss for lack of jurisdiction. The issue for decision is whether the notice of deficiency was mailed to petitioner's last known address. Petitioner filed a return 43 days before the issuance of the notice of deficiency. We hold that respondent failed to show reasonable care and diligence in determining petitioner's last known address for the mailing of the notice of deficiency. Respondent determined a deficiency in and additions to petitioner's 1980 Federal income tax as follows: Additions to Tax
Deficiency
Sec. 6653(a) [1]
Sec. 6651(a)(1)
Sec. 6654(a)
$ 2,977.19
$ 148.86
$ 744.30 $ 190.12
*49 All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. 1. Petitioner
Petitioner resided in Cranbury, New Jersey, when his petition was filed. Petitioner has been an independent life insurance agent since 1973. As an independent agent, he receives commissions from the companies for which he sells products. Petitioner generally receives payments from more than one company during the course of a year. During 1975, petitioner resided with his wife at the time, Karen Hawk, at 1108 Georges Road, North Brunswick, New Jersey. Petitioner separated from Karen Hawk in 1975. Petitioner married Margaret Barbijini (Margaret) on or about June 30, 1979. Around the time petitioner married Margaret, he moved into a new residence at 3-11 Civic Center Drive, East Brunswick, New Jersey. Respondent mailed a Form 1099 to petitioner's wife at the time, Margaret, for calendar year 1980 showing interest paid to her in the amount of $ 13.35. The address on the Form 1099 is 3-11 Civic Center Drive, *50 East Brunswick, New Jersey 08816. The Form 1099 is undated. Petitioner separated from Margaret in May 1984 and moved to his present address of Princeton Arms North One, Apartment 18, Cranbury, New Jersey. He filed a forwarding order with the post office when he moved to this address. Petitioner was divorced from Margaret in 1988. Petitioner timely filed his 1975 Federal income tax return while residing at the 1108 Georges Road, North Brunswick, New Jersey address. Petitioner did not file returns for taxable years 1976 through 1979. 2. The Substitute Return
As of February 1983 petitioner had not filed a Federal income tax return for 1980. However, respondent had received information returns indicating that petitioner had received income from five payers. Respondent used that information to prepare an unreported income report dated February 18, 1983, which reconstructed petitioner's 1980 income. The report states that petitioner's address is 1108 Georges Road, North Brunswick, New Jersey. The names of the payers and addresses for petitioner which they provided to respondent are: Petitioner's address
Payer
as listed by payer
1. Press, Fishman, Rappaport
3-11 Civic Center Drive
East Brunswick, NJ 08816
2. Reynolds and Karpf
3-11 Civic Center Drive
East Brunswick, NJ 08816
3. Pacific Mutual
3-11 Civic Center Drive
East Brunswick, NJ 08816
4. First National State
Bldg. 003 Apt. 00011
Bank
15 Civic Center Drive
East Brunswick, NJ 08816
5. Columbian Mutual Life
888 Seventh Avenue
New York, NY 10019
*51 The address provided by First National State Bank (Bldg 003 Apt. 00011 15 Civic Center Drive, East Brunswick, New Jersey) is the same as 3-11 Civic Center Dr., E. Brunswick, New Jersey. The unreported income report stated that one of the addresses given by petitioner to his employer was 888 Seventh Avenue, New York, New York 10019 (the Seventh Avenue address). That address was used for the deficiency notice in this case. The report also listed other addresses for petitioner. The report indicated that the last return filed by petitioner was for taxable year 1975. Eight eighty-eight Seventh Avenue, New York, New York, is the business address of Press, Fishman, Rappaport, the payer listed on the unreported income report. Petitioner stopped working at 888 Seventh Avenue in June or July 1981. After this time, mail addressed to him at this address was not forwarded to him. Based on the unreported income report, respondent prepared a substitute return for taxable year 1980 for petitioner pursuant to section 6020(b), on November 7, 1984. Respondent listed 888 Seventh Avenue, New York, New York 10019 as petitioner's address on the substitute return. Petitioner had not filed returns *52 for taxable years 1976, 1977, 1978, 1979, and 1980 as of November 7, 1984. 3. The Notice of Deficiency
On April 15, 1985, petitioner filed his income tax return for 1984. The address on the 1984 return is Princeton Arms, North I, Apartment 18, Cranbury, New Jersey 08512. On May 28, 1985, respondent mailed the notice of deficiency for taxable year 1980 to petitioner at 888 Seventh Avenue, New York, New York 10019. Respondent did not offer any evidence showing whether petitioner's 1984 return was processed before or after May 28, 1985, the date that the notice of deficiency was mailed. Respondent used the same address for petitioner that respondent placed on the substitute return prepared on November 7, 1984. Petitioner filed his income tax return for taxable year 1984 on April 15, 1985. The notice of deficiency was issued 43 days after petitioner filed his 1984 income tax return. Petitioner did not receive a copy of the notice of deficiency until June 1990. He was unaware that respondent must, in most cases, issue a notice of deficiency before assessing an income tax deficiency. Petitioner received collection notices for an assessed 1980 tax deficiency, including a *53 notice of intent to levy, which were dated May 28, 1990, and addressed to him at Princeton Arms North One, Apartment 18, Cranbury, New Jersey. Petitioner and Margaret filed joint income tax returns for 1981, 1982, and 1983 on May 30, 1986, and for 1980 on December 29, 1987. The address shown on the returns for 1980 through 1984 is Princeton Arms North One, Apartment 18, Cranbury, New Jersey. The 1980 return claims a refund in the amount of $ 55.32. Petitioner's returns for 1980 through 1983 were filed after the issuance of the deficiency notice at issue here. On March 12, 1990, respondent disallowed a refund claim for 1980 allegedly made by petitioner in the amount of $ 2,977.19, the same amount that is due on the notice of deficiency for 1980. OPINION 1. Last Known Address Requirement
It is well settled that in order to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); see Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Keeton v. Commissioner, 74 T.C. 377, 379 (1980). Section 6212 specifies to whom a notice *54 of deficiency is required to be sent. Under section 6212(a), respondent is authorized to send a notice of deficiency to a taxpayer by certified or registered mail. Section 6212(b)(1) provides that the mailing of a notice of deficiency to the taxpayer's "last known address" constitutes sufficient notice. A taxpayer's "last known address" is "the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent." Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); McCormick v. Commissioner, 55 T.C. 138, 141 (1970). A taxpayer's last known address generally is that address to which, in light of the surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. Abeles v. Commissioner, supra at 1031; Looper v. Commissioner, 73 T.C. 690, 696 (1980). The taxpayer bears the burden of informing respondent of the taxpayer's address. Pyo v. Commissioner, supra at 636; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 375 (1974), *55 affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Respondent, however, must exercise reasonable diligence in ascertaining the taxpayer's correct address. Abeles v. Commissioner, supra at 1031; Alta Sierra Vista, Inc. v. Commissioner, supra at 374. A taxpayer's last known address is that address which appears on the taxpayer's most recently filed return. Abeles v. Commissioner, supra at 1035. When notified of a change of address, respondent must exercise reasonable care and diligence in determining the correct address for the mailing of a notice of deficiency. Keeton v. Commissioner, supra at 382; O'Brien v. Commissioner, 62 T.C. 543, 550 (1974); Alta Sierra Vista, Inc. v. Commissioner, supra at 374. Whether respondent has exercised reasonable care and diligence must be determined in light of all the facts and circumstances. The relevant inquiry is to what respondent knew or should have known with respect to the taxpayer's last known address. Monge v. Commissioner, 93 T.C. 22, 27-28 (1989); *56 Abeles v. Commissioner, supra at 1035. In Abeles v. Commissioner, supra at 1035, we held that a taxpayer's most recently filed return is "that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return." (Fn. ref. omitted.) We further stated that the address from a more recently filed return is available to the agent issuing a notice of deficiency if such address could be obtained by a computer generation of an IRS computer transcript using the taxpayer's taxpayer identification number. Id.
2. Whether Respondent Processed Petitioner's Return With Due Diligence and Care
Petitioner argues that he filed his 1984 return 43 days before the notice of deficiency was issued, and therefore respondent had ample time to post a change of address on the computer before issuing the notice of deficiency. Petitioner argues that respondent did not process the 1984 return with due care and diligence, and thus that the deficiency notice *57 was not sent to petitioner's last known address. Here, petitioner has shown that he provided respondent with clear and concise notice of a new address before the mailing of the notice of deficiency. Accordingly, respondent must show that the period of delay between the receipt of the taxpayer's most recently filed return and the mailing of the deficiency notice was reasonable, i.e., that respondent exercised reasonable care and diligence in determining the correct address for the mailing of a notice of deficiency. Keeton v. Commissioner, supra at 382; O'Brien v. Commissioner, supra at 550; Alta Sierra Vista, Inc. v. Commissioner, supra at 374. See also Abeles v. Commissioner, supra at 1035 n.11. In Baptist v. Commissioner, T.C. Memo. 1990-280, the taxpayers filed a return containing a new address 67 days before respondent mailed a notice of deficiency to the taxpayers' old address. Respondent offered evidence showing that the taxpayers' return was not processed, and thus their new address was not entered into respondent's computer system, until 105 days after filing. *58 This Court held that the notice of deficiency was invalid because respondent failed to show whether he exercised due care or diligence in processing the taxpayers' return. In Ward v. Commissioner, 92 T.C. 949, 956-957 (1989), revd. and remanded 907 F.2d 517 (5th Cir. 1990), we considered whether respondent is put on notice of a taxpayer's new address contained in a letter requesting a change of address received 2 weeks before the issuance of the notice of deficiency. [2] The taxpayer's letter was sent to the Austin Service Center. The notice of deficiency was prepared by the IRS District Office in Houston. We held that, where a review of the file and a computer check did not reveal the notice of change of address, respondent did not fail to exercise reasonable diligence in processing the address change sent less than 2 weeks before the issuance of the deficiency notice. *59 The Fifth Circuit reversed, holding that while respondent must be accorded some time to properly process taxpayer information, respondent had reasonable time to process the taxpayer's change of address. The Court noted that where the taxpayer mails a change of address to respondent and respondent uses "PN" notifications and posting codes almost immediately to inform its agents of a pending address change, respondent must be deemed to have notice at the time that he posts the codes that the taxpayer has changed addresses. In the instant case respondent offered no evidence showing when petitioner's 1984 return was processed, whether it was before or after the notice of deficiency was issued, or whether any notation appeared in respondent's records that respondent had received a new address for petitioner. Under the adverse inference rule, International Union v. N.L.R.B., 459 F.2d 1329, 1336 (D.C. Cir. 1972); Hoffman v. Commissioner, 298 F.2d 784, 788 (3d Cir. 1962), affg. T.C. Memo. 1960-160, this Court should view respondent's failure to produce any evidence concerning the processing of petitioner's 1984 return as showing *60 that petitioner's 1984 return was not properly processed before May 28, 1985, since respondent presumably had evidence on this issue and did not offer it. This Court has stated: The rule is well established that the failure of a party to introduce evidence within his possession and which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable. * * * This is especially true where, as here, the party failing to produce the evidence has the burden of proof or the other party to the proceeding has established a prima facie case. * * * [Citations omitted.]
Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). See Pietanza v. Commissioner, 92 T.C. 729, 742 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). We hold that respondent has failed to show reasonable care and diligence in determining petitioner's last known address for the mailing of the notice of deficiency. 3. Whether the Notice of Deficiency Was Mailed to Petitioner's Last Known Address
Respondent argues that, *61 based on the information available on May 28, 1985, the deficiency notice was sent to petitioner's last known address. According to respondent, petitioner's most recently filed return was the substitute return prepared by respondent on November 7, 1984, pursuant to section 6020(b), which used the Seventh Avenue address. Respondent argues that the substitute return is good and sufficient for all legal purposes, sec. 6020(b)(2), including to provide petitioner's last known address where petitioner has not filed returns for the previous 8 years. Respondent claims that the substitute return was petitioner's most recently filed return. Respondent contends that petitioner did not file returns for taxable years 1976 through 1983, and petitioner's 1975 return was officially destroyed. Neither party introduced evidence relating to whether petitioner filed returns for 1976 through 1979. Thus, respondent contends that petitioner's failure to file returns for the years prior to the issuance of the deficiency notice made it difficult for respondent to ascertain his last known address. Respondent's argument does not acknowledge the filing of petitioner's 1984 return, 43 days before the issuance *62 of the notice of deficiency. Petitioner objects to the use of the substitute return to establish his last known address because, he argues, it is insufficient to effectuate a change of address under Abeles v. Commissioner, 91 T.C. 1019 (1988). Petitioner also argues that the use of the Seventh Avenue address was unreasonable under the facts and circumstances. Respondent obtained petitioner's Seventh Avenue address from the unreported income report for 1980 which lists five payers. Of the five, three list petitioner's address as 3-11 Civic Center Drive, East Brunswick, New Jersey. One gives petitioner's address as Building 3, Apt. 11, 15 Civic Center Drive, East Brunswick, New Jersey, which is the same as the 3-11 Civic Center address above. Only one gives petitioner's address as 888 Seventh Avenue, New York, New York. Petitioner contends that in view of the fact that four of the five payers used the East Brunswick address, and that the Seventh Avenue address was "clearly a commercial address", respondent should have used the East Brunswick address as the one where petitioner would likely wish to receive mail. We agree with petitioner that under the circumstances, *63 respondent's use of the Seventh Avenue address was unreasonable because petitioner had filed a return before the issuance of the notice of deficiency in which petitioner gave clear and concise notice of a new address. Thus, we conclude that the notice of deficiency was not mailed to petitioner's last known address. Respondent also claims that Exhibit G shows that petitioner's claim for a refund for taxable year 1980, in the amount of $ 2,977.19, was disallowed on March 12, 1990. The claim allegedly made by petitioner is the same amount as the deficiency on the statutory notice. Respondent argues that it is apparent that petitioner knew that there was an issue of a tax deficiency with the Internal Revenue Service before June 1990, the date petitioner alleged he received the statutory notice. The only evidence in the record of petitioner's refund claim of $ 2,977.19 for 1980 is a form filled out by respondent saying petitioner had made a refund claim in that amount. Petitioner did not indicate filing any other claims for 1980, and neither party offered a copy of any such claim. The only refund claim for 1980 in the record is petitioner's 1980 return, filed December 29, 1987, *64 claiming an overpayment of $ 55.32. We are not convinced that petitioner made a $ 2,977.19 refund claim for 1980, and we reject respondent's contention based thereon that petitioner knew of the notice of deficiency before June 1990. 4. Rev. Proc. 90-18
Respondent relies on Rev. Proc. 90-18, 1990-1 C.B. 491, relating to how a taxpayer is to inform the Internal Revenue Service about a change of address. We do not consider respondent's argument because by its terms Rev. Proc. 90-18 is effective March 26, 1990, and therefore does not apply to petitioner's 1984 return filed April 15, 1985. We hold that respondent did not mail the notice of deficiency to petitioner's last known address. Accordingly, An order will be entered granting petitioner's motion to dismiss, deeming petitioner's motion to enjoin collection moot, and denying respondent's motion to dismiss for lack of jurisdiction. Footnotes
1. Respondent determined additions to tax for 1980 under sec. 6653(a)(1) and (2); however, sec. 6653(a)(1) and (2) is not applicable to 1980. Accordingly, sec. 6653(a) applies.↩
2. See also Williams v. Commissioner, T.C. Memo. 1989-439, affd. 935 F.2d 1066↩ (9th Cir. 1991) (respondent exercised reasonable diligence in processing the taxpayer's return filed during the tax season and did not unreasonably delay in posting information shown on the return within 17 weeks of its filing).