Walter **DEMKOWICZ** and Dorothy Demkowicz, Appellants,

v.

## COMMISSIONER OF INTERNAL REVENUE.

### No. 76–1666.

United States Court of Appeals, Third Circuit.

Argued Jan. 13, 1977.

Decided March 15, 1977.

Edwin Fradkin, Harvey R. Zeller, Starr, Weinberg and Fradkin, Newark, N. J., for appellants.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Michael L. Paup, Richard Farber, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before GIBBONS, GARTH, Circuit Judges, and BECHTLE,* District Judge.

## OPINION OF THE COURT

BECHTLE, District Judge.

This appeal is from a decision of the Tax Court upholding a determination by the Commissioner of Internal Revenue ("Commissioner") of a deficiency in the amount of income tax paid by the taxpayers for tax year 1966. For the reasons stated below, we will reverse.

Walter Demkowicz ("taxpayer")[1] was the principal stockholder in Walter Demkowicz, Inc. ("W.D., Inc."), a New Jersey corporation primarily engaged in the construction business. W.D., Inc., constructed and owned a building located at 28–32 North Avenue, Elizabeth, New Jersey. The building was mortgaged for a $122,500 loan from the Elizabeth Federal Savings and Loan Association. On August 12, 1965, W.D., Inc., borrowed $54,000 from David Checinski. This loan was secured by a second mortgage, executed by W.D., Inc., on the 28–32 North Avenue property. The net amount of the Checinski loan, $46,600 after reduction for points and other costs, was deposited on August 13, 1965, into a W.D., Inc., account at the National State Bank located in Elizabeth, New Jersey.

Prior to April 15, 1967, Walter and Dorothy Demkowicz filed a joint return for tax year 1966. The Commissioner, in a statutory Notice of Deficiency, determined that, during 1966, Walter Demkowicz diverted $44,000 of the Checinski loan to his personal use, and that the diverted funds were taxable to Demkowicz as dividend income, under Sections 301 and 316 of the Internal Revenue Code of 1954, 26 U.S.C. §§ 301, 316. Thereafter, taxpayer petitioned the Tax Court for a redetermination of the deficiency. The Tax Court upheld the Commissioner's determination. This appeal followed.[2]

Taxpayer contends that the Tax Court's determination that he diverted the proceeds of the Checinski loan to his personal use and that the loan, therefore, was taxable to him as dividend income during 1966 is erroneous for two different, yet overlapping, reasons. First, he argues that the Tax Court improperly disregarded his uncontradicted documentary and testimonial evidence. Specifically, taxpayer introduced a monthly bank statement (Exhibit 33) from the National State Bank which shows that the proceeds of the Checinski loan were withdrawn from the W.D., Inc., account in a series of checks and that, as of August 24, 1965, all that remained was

---

* Honorable Louis C. Bechtle, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Although this appeal involves a joint return filed by Walter Demkowicz and his wife Doro-

thy, the term "taxpayer" appearing within this Opinion refers solely to Walter Demkowicz.

2. Jurisdiction in this Court is based upon Section 7482(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7482(a).

$251.44.[3] Taxpayer then testified that the Checinski loan proceeds were used by W.D., Inc., to satisfy corporate debts incurred in the construction of a building, and that he never personally used any of the proceeds. Alternatively, taxpayer argues that, even if he did divert the funds to his personal use, the diversion occurred in 1965, rather than in 1966, as found by the Commissioner and the Tax Court. Again, taxpayer relies upon Exhibit 33, which discloses that almost all of the proceeds of the Checinski loan were withdrawn from the W.D., Inc., account by August 24, 1965, and, hence, could not have been dividend income in 1966.[4]

■ We begin with the settled principles that the Commissioner's deficiency determination is entitled to a presumption of correctness and that the burden is on the taxpayer to prove the incorrectness of that determination. *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1935); *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); *Baird v. Commissioner*, 438 F.2d 490, 492 (3d Cir. 1971); *Hoffman v. Commissioner*, 298 F.2d 784, 788 (3d Cir. 1962); Tax Court Rule 142(a). Once the taxpayer overcomes the presumption by presenting "competent and relevant credible evidence," *Baird v. Commissioner, supra*, 438 F.2d at 493, which is sufficient to establish that the Commissioner's determination was erroneous, *Silver-*

*man v. Commissioner*, 538 F.2d 927, 931 (2d Cir. 1976), then the Commissioner has the burden of going forward with the evidence. *Baird v. Commissioner, supra*, 438 F.2d at 493; *Cory v. Commissioner*, 126 F.2d 689, 694 (3d Cir.), *cert. denied*, 317 U.S. 642, 63 S.Ct. 34, 87 L.Ed. 517 (1942). *But see Silverman v. Commissioner, supra*, 538 F.2d at 931; *Bernuth v. Commissioner*, 470 F.2d 710, 714 (2d Cir. 1972); *Cohen v. Commissioner*, 266 F.2d 5, 11 (9th Cir. 1959).

■ There is no question that taxpayer's uncontradicted testimony[5] was sufficient to establish that the Commissioner's determination that taxpayer had received dividend income was erroneous.[6] However, the Tax Court was not bound to accept taxpayer's uncontradicted testimony if it found the testimony to be improbable, unreasonable or questionable. *Lovell and Hart, Inc. v. Commissioner*, 456 F.2d 145, 148 (6th Cir. 1972) (per curiam); *MacGuire v. Commissioner*, 450 F.2d 1239, 1244 (5th Cir. 1971); *Baird v. Commissioner, supra*, 438 F.2d at 493; *Banks v. Commissioner*, 322 F.2d 530, 537 (8th Cir. 1963). Accordingly, the issue presented is whether the Tax Court rejected taxpayer's testimony as being improbable, unreasonable or questionable.

■ In its opinion, the Tax Court stated the following with respect to the evidence presented by taxpayer:

3. In his brief, taxpayer states that, as of August 24, 1965, only $550.94 of the Checinski loan remained in the account. However, taxpayer failed to note that, when the Checinski loan was deposited into the W.D., Inc., account on August 13, 1965, the account had an existing balance of $299.50. Accordingly, as of August 24, only $251.44 of the Checinski loan remained in the account.

4. The Tax Court's determinations that taxpayer diverted the proceeds of the Checinski loan to his personal use and that he diverted the proceeds in tax year 1966 are findings of fact. Accordingly, they may be overturned only if we conclude that they are clearly erroneous. *Commissioner v. Duberstein*, 363 U.S. 278, 290–291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); *cf. Warner Co. v. United States*, 504 F.2d 689, 691 n. 3 (3d Cir. 1974), *cert. denied*, 421 U.S. 930, 95 S.Ct. 1655, 44 L.Ed.2d 87 (1975).

5. The Commissioner did not offer any evidence to support the deficiency assessment.

6. The Commissioner argues that taxpayer failed to meet his burden because he produced no evidence to substantiate his testimony, such as corporate books or corporate checks. We do not agree. By his unequivocal denial that he received any personal benefit from the Checinski loan proceeds, and by his assertion that the proceeds were used by W.D., Inc., to satisfy debts incurred in the construction of a building, taxpayer overcame the presumption of correctness which arises from the Commissioner's determination. Furthermore, since the Commissioner offered no evidence to support the deficiency assessment, taxpayer's testimony was sufficient to meet his ultimate burden of proving the incorrectness of the Commissioner's determination, unless it was rejected by the Tax Court as being improbable, unreasonable or questionable. (*See* discussion *infra*.)

"Except for the $44,000 loan from Checinski to W.D., Inc., which petitioner claims was used by W.D., Inc., for construction costs, petitioners have offered little evidence to refute [the Commissioner's] numerous other determinations. To support his testimony regarding the use of the Checinski loan, petitioner submitted a W.D., Inc., bank statement disclosing deposit of the loan proceeds which, although disclosing withdrawals, does not identify the payee or purpose of the withdrawals. . . . Accordingly, we find the $44,000 . . . to be [a] constructive [dividend]." Appendix at 214.

We do not believe that the above-quoted language either explicitly or implicitly rejects taxpayer's testimony that he did not divert the proceeds of the Checinski loan to his personal use and that the proceeds were used by W.D., Inc., to satisfy construction debts. At most, the Tax Court only concluded that taxpayer's testimony, in the absence of corroborative evidence, was not sufficient to overcome the presumption of correctness. Since we believe that taxpayer was not required to "corroborate" his testimony in order to meet his burden,[7] and since the Tax Court did not reject taxpayer's testimony as being improbable, unreasonable or questionable, the decision of the Tax Court must be reversed.

Assuming, *arguendo*, that the Tax Court was correct in its determination that taxpayer received dividend income *via* the Checinski loan, the decision still cannot stand due to the erroneous determination that taxpayer received such income in tax year 1966, rather than in tax year 1965. The Commissioner, in the stipulation of facts, admitted that the proceeds from the Checinski loan were deposited in the National State Bank on August 13, 1965. The monthly bank statement, Exhibit 33, showed that, as of August 24, 1965, only $251.44 of the Checinski loan remained in the W.D., Inc., account. As mentioned above, the only comment made by the Tax Court with respect to Exhibit 33 was to the effect that, although it disclosed withdrawals, it did not identify the payee or purpose of the withdrawals. Regardless of whether the bank statement failed to identify the payee or purpose of the withdrawals, the fact remains that, as of August 24, 1965, all but $251.44 of the Checinski loan, which the Commissioner contends was diverted to taxpayer's personal use, had been expended. Accordingly, the Tax Court erroneously determined that taxpayer received dividend income in tax year 1966.

The decision of the Tax Court will be reversed.