**Albert N. DANOFF and Selma Danoff, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 78–130.

United States District Court, M. D. Pennsylvania.

Nov. 28, 1979.

Reargument Denied Feb. 8, 1980.

Winkler, Danoff & Lubin, Sol Lubin, Wilkes–Barre, Pa., for plaintiffs.

James M. Walker, Asst. U. S. Atty., Scranton, Pa., Mikal H. Frey, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Plaintiffs Albert N. Danoff and Selma Danoff, his wife, brought this action for tax refund against the United States pursuant to 28 U.S.C. § 1346(a)(1).

The Plaintiffs' claim for refund stems from an alleged $68,320.00 loss claimed as their distributive share of Holiday Green Acres partnership income, resulting in a $30,634.63 throwback net operating loss for the year 1969.

As a result of this net operating loss, the years affected are 1969, 1970, 1972, 1973, 1974, and 1975. In each of the years in issue, Plaintiffs filed timely returns and paid the taxes reported due. In August of 1976 and January of 1977, the Commissioner of Internal Revenue made assessments of deficiencies against the Plaintiffs, and these amounts were paid. Plaintiffs then filed Amended Individual Tax Returns which were treated in accordance with the provisions of the Internal Revenue Code as claims for refund. Each was denied by the Commissioner on the basis that the loss claimed as a limited partner in Holiday Green Acres was not allowable since the amount claimed exceeded the contribution made by Albert Danoff to the capital of the partnership and his adjusted basis in the partnership. This action was timely filed to contest the denial of the Plaintiffs' claims.

Since the underlying facts which determine Danoff's liability are not in dispute, the parties entered into a stipulation of fact. Plaintiffs then filed a motion for partial summary judgment limited to the determination of whether the male Plaintiff's signing of various Mortgage Assumption Agreements, and delivering them to the general partners, and not to the creditors of the partnership rendered him a general partner and therefor entitled him to claim a greater tax benefit. The Defendant has entered a cross motion for summary judgment limited to the same issue.

The facts stipulated to by the parties can be briefly summarized as follows: Holiday Green Acres (Holiday) is a limited partnership organized under Pennsylvania law, which is in the business of operating rental apartments. Albert N. Danoff is a limited partner in the enterprise. His initial cash investment was $18,000, for which he acquired a 10% interest in the limited partnership. In the latter part of 1971 or the early part of 1972, Danoff executed Mortgage Assumption Agreements under which he assumed and agreed to pay mortgages which Holiday had executed to several creditors. The terms of these agreements included a provision that Danoff's assumption of liability would be limited to his pro rata share of Holiday. At this time the partnership's total indebtedness was over $2,800,000. These Mortgage Assumption Agreements were delivered to Holiday's general partners, but not to the creditors of the partnership, and were not filed with any state agency.

As a result of the flood caused by Hurricane Agnes on June 23, 1972, and other operating losses, Holiday sustained losses of

$683,200 for the year 1972. The Plaintiffs seek to claim the tax benefits of 10% of this loss, or $68,320.

Danoff is named in the Holiday partnership agreement as a Limited Partner. Section 704(d) of the Internal Revenue Code defines the limits on allowance of losses of a partner:

> A partner's distributive share of partnership loss (including capital loss) shall be allowed only to the extent of the adjusted basis of such partner's interest in the partnership at the end of the partnership year in which such loss occurred. Any excess of such loss over such basis shall be allowed as a deduction at the end of the partnership year in which such excess is repaid to the partnership. 26 U.S.C.A. § 704(d).

Section 722 defines the basis of a contributing partner's interest in a partnership acquired by a contribution of property, including money, as "the amount of such money and the adjusted basis of such property to the contributing partner at the time of the contribution." 26 U.S.C.A. § 722. Section 752(a) allows for an increase in basis with the increase of a partner's liabilities:

> Any increase in a partner's share of the liabilities of a partnership, or any increase in a partner's individual liabilities by reason of the assumption by such partner of partnership liabilities, shall be considered as a contribution of money by such partner to the partnership. 26 U.S.C.A. § 752.

Danoff's position then, is that his basis in the partnership was increased by $280,000 when he executed the assumption of mortgage agreements, and that he is therefore entitled to the tax benefit of his entire share of the partnership losses suffered in 1972, much in excess of his original $18,000 cash basis in the partnership. The Commissioner contends that the Mortgage Assumption agreements were not legally effective to increase his basis.

It has long been held that the Commissioner's deficiency determination is entitled to a presumption of correctness, and that the burden is on the taxpayer to prove the incorrectness of the determination. *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623; *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212; *Demkowitz v. Commissioner*, 551 F.2d 929, 931 (3d Cir. 1977); *Baird v. Commissioner*, 438 F.2d 490, 492 (3d Cir., 1971). Therefore, the burden is on the Plaintiffs herein to prove the validity of the Mortgage Assumption Agreements, as an enforceable assumption of liability by the Plaintiffs. We find that they have not sustained this burden.

The facts before this Court are the same as those that were before the Commissioner, and we find the arguments advanced by Danoff [1] in support of a different interpretation of those facts unconvincing.

The documents proffered by the Plaintiffs were signed by him alone. They are not dated, although it is admitted on the record that they were executed in late 1971 and in early 1972.

Plaintiff became involved in Holiday as a limited partner. As such, his role in the enterprise was governed by provisions of Pennsylvania law,[2] which strictly define and limit the role of a Limited Partner in a partnership. Initially, this role offers him a unique benefit, that of limited liability and a definite investment advantage. His assets are vulnerable only to the extent agreed upon in the Limited Partnership Agreement.

Because of this unique relationship, it is necessary that the relative responsibilities of the general and limited partners be reduced to writing and made available for those who may do business with the partnership. This allows those who may be-

---

1. Plaintiff Selma Danoff is a party to this action by virtue of filing a joint return with her husband, Albert Danoff. Since the question involved turns on his role as a Limited Partner in Holiday, the singular will be used in reference to the Plaintiffs in this discussion.

2. The Uniform Limited Partnership Act, 1917 Pa.Laws, Act of April 12, 1917, P.L. 55 §§ 1–30. [current version at 59 Pa.Cons.Stat.Ann. §§ 501–545 (Purdon's)].

come creditors of the partnership to enter into such a relationship with a realistic picture of the partnership's financial status, and the resources available for the repayment of any loans.

Here, the Plaintiff sought to alter the structure of the partnership, and the relationship between the limited and general partners by his Mortgage Assumption Agreements. He stood to gain a large tax benefit by so doing. Arguably, the creditors would receive a benefit in that they would have another source to approach for payment on their loans, (although his liability was limited to 10% of their total amount).

However, we find that the assumption agreements herein had little or no impact on the original Limited Partner–General Partner–creditor relationship. They were not made known to the creditors; Plaintiff contends that they were between himself and the general partners, so that there was no requirement of delivery. If this is so, that they were between the general partners and the limited partners, they were in essence an indemnity contract because the general partners were never released from their obligation to the creditors, and still remained liable on the original mortgages. The ability of the creditors to exercise any claim under the Agreements would be limited because they were not parties to them. Giving full legal effect to these documents would undermine the policy of the Limited Partnership Act to protect creditors by clearly defining the relative responsibilities of the partners. Altering this without the acquiescence of the creditors, or without informing them of an action which may potentially affect their right to repayment cannot be sanctioned by this Court.

The Plaintiff also likens his assumption of liability under the Agreements to a grantee's assumption of liability upon the purchase of property, which is governed in Pennsylvania by Pa.Stat.Ann. Tit. 21, §§ 655, 656 (Purdon). These provisions state that a purchaser of real estate which is subject to a mortgage, shall not be personally liable for the payment of the mort-

gage unless by an agreement in writing, he shall have expressly assumed a liability therefore. Section 656 continues that the right to enforce such personal liability does not enure to any person other than the person with whom such an agreement is made. If the agreement between the parties herein is likened to the assumption agreements contemplated by these provisions of Pennsylvania law, the only persons who could enforce the assumption of liability against the Plaintiff are the general partners. If this is so, the actual obligation assumed is to the general partners, and not to the creditors. We are not convinced that this is not within the prohibition of Rev.Rul. 69–223, C.B. 1969–1, p. 184, which held that a mortgage liability assumed by a limited partnership does not increase the interest basis of a limited partner not liable to *creditors* beyond his original contributions, even though he agrees to indemnify general partners for payments exceeding their pro rata share of the liabilities (emphasis added). In substance the obligation, if any assumed by the Plaintiff herein is not to the creditors, but to the general partners. We cannot assume that this would be considered an assumption of the obligations of the partnership rather than an agreement to indemnify the individual general partners under Pennsylvania law.

Therefore, we find that the Mortgage Assumption Agreements submitted by Plaintiff are not sufficient to increase his basis and entitle him to the greater tax benefit he claims.

The government's motion for partial summary judgment on this issue will be granted and the Plaintiffs' Motion will be denied.