23 F.3d 407
 73 A.F.T.R.2d 94-2072
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abdelhamid HAMDI; Somayah Hamdi, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-2519.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1994.
 
 1
 Before: GUY and NELSON, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 The petitioners, taxpayers Abdelhamid and Somayah Hamdi, appeal a United States Tax Court determination that they are liable for income tax deficiencies and penalties for the tax years 1985 and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The facts are adequately stated in the tax court's memorandum findings of fact and opinion and will not be repeated here. Suffice it to say that on April 7, 1989, and May 10, 1989, respectively, the Commissioner of Internal Revenue (Commissioner) determined deficiencies in, and additions to, taxpayers' federal income tax for the years 1986 and 1985. On July 3, 1989, taxpayers filed a petition in the tax court seeking redetermination of the 1986 deficiency and additions to tax, and on August 11, 1989, they filed a second petition for redetermination of the 1985 deficiency and additions to tax.
 
 
 4
 A trial was held before the tax court on May 9, 1990. On February 2, 1993, the tax court issued its memorandum findings of fact and opinion. Due to concessions by the Commissioner, the deficiencies and additions to tax were recomputed. On June 9, 1993, the tax court entered its decision determining the deficiencies and additions to tax. On July 13, 1993, taxpayers moved to vacate the decisions pursuant to Tax Court Rule 162. On July 14, 1993, the tax court denied the motion to vacate in a marginal entry.
 
 
 5
 Upon review, we affirm the tax court's decisions. Taxpayers' only contention, that the tax court erred in finding that Mr. Hamdi's testimony was not worthy of belief, is without merit. A trial judge's assessment of the credibility of witnesses is accorded due deference. Commissioner v. Duberstein, 363 U.S. 278, 291 (1960). A taxpayer's uncontradicted testimony may be sufficient to establish that the Commissioner's determinations are erroneous. Lerch v. Commissioner, 877 F.2d 624, 631 (7th Cir.1989); Demkowicz v. Commissioner, 551 F.2d 929, 931 (3d Cir.1977). The tax court is not bound to accept a taxpayer's uncontradicted testimony, however, if it is found to be "improbable, unreasonable or questionable." Demkowicz, 551 F.2d at 931. "The Tax Court may disregard uncontradicted testimony by a taxpayer where it finds that testimony lacking in credibility. Once the Tax Court makes that finding, if the taxpayer has offered no other evidence in support of his position, the Tax Court has no choice but to rule for the Commissioner, since the taxpayer has failed to carry his requisite burden of proof." Lerch, 877 F.2d at 631. This is precisely what occurred in the present case.
 
 
 6
 In her opinion finding that the taxpayers had failed to carry their burden of proof, the tax court judge noted that Mr. Hamdi's testimony was not credible: "Most of the documents are self-serving, handwritten notes prepared by Mr. Hamdi himself for which there is no independent corroborating testimony or documentation. There are handwritten receipts allegedly signed by third parties none of whom appeared to authenticate or sponsor the documents. There are checks made out to cash or to persons who did not appear or testify at the trial. Most of these documents are neither self-explanatory nor self-proving. Mrs. Hamdi, a key player who is central to these alleged events or transactions, did not appear or testify at the trial. No party involved in any of the alleged events or transactions appeared or testified. Mr. Hamdi was the only witness, and the Court did not find him to be a credible witness."
 
 
 7
 It is quite clear from the trial transcript that the tax court had serious doubts about Mr. Hamdi's credibility on a number of particulars. The record provides ample support for the tax court's decision to give no weight to Mr. Hamdi's testimony regarding the deductions. It was, therefore, not clearly erroneous to conclude that Mr. Hamdi had failed to substantiate the claimed deductions on his 1985 and 1986 income tax returns.
 
 
 8
 Accordingly, the tax court's decisions are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, U.S. District Judge for the Western District of Michigan, sitting by designation