T.C. Summary Opinion 2018-31

UNITED STATES TAX COURT

LONNIE D. JOHNSON, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11767-16S.                    Filed June 6, 2018.

<u>Beverly Winstead</u>, Richard Ochran (student), and Jose Montalvo (student),
for petitioner.

<u>Elizabeth M. Shaner</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax of $3,362 for 2014.  The issues for decision are whether petitioner is entitled to: (1) dependency exemption deductions for his two children, (2) a child tax credit or an additional child tax credit, and (3) an earned income tax credit.

Background

Some of the facts have been stipulated, and they are so found.  The Court incorporates by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of Maryland when his petition was filed with the Court.

Petitioner was previously married to Jamene Johnson.  The couple had two children, a son, who was born in 1999, and a daughter, who was born in 2000 (collectively, the children).

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner and Ms. Johnson were divorced in or about 2008. The divorce proceeding transcript of the Circuit Court for Montgomery County, Maryland Family Division reflects a support and custody agreement (agreement) that was entered into freely and voluntarily by petitioner and Ms. Johnson, who each affirmatively stated to the family court that the agreement was in the children's best interest. Insofar as custody was concerned, the agreement called for petitioner and Ms. Johnson to have joint legal custody of the children, with Ms. Johnson having sole physical custody but with petitioner having "access to the children" for one weekend per month, for one month during the summer school vacation, and on Christmas, New Year's, and Easter in "odd" years and on Thanksgiving in "even" years. In addition, the agreement provided that "every year, the children's birthday shall be spent with Mom if it's during school or during the week. And, if it happens to fall on a weekend, then Dad has a right to have the children on the children's birthday." Finally, the agreement provided that "Mother's Day will always be spent with Mom; Father's Day with Dad."

At trial petitioner testified that although there were no formal modifications made to the aforementioned agreement by, or under the auspices of, the Montgomery County family court, he and Ms. Johnson informally made "adjustments as needed" between themselves. Petitioner (as well as his son, who

was no longer a minor at the time of trial) testified that the children stayed with their mother during the school week but that the children otherwise stayed with petitioner every weekend and holiday and throughout summer vacation. As far as the school week was concerned, the testimony was that the children were picked up after school on Friday and dropped off Sunday night. Petitioner acknowledged that "every once in a while" the children "might go to California for a holiday with their mother"; that they did see their mother during the summer, although "very rarely"; and that he had the children for "the majority" of the holidays, and thus not every holiday, although (according to petitioner) it was "a very rare occasion" when he did not.

During 2014 Ms. Johnson lived in Gaithersburg, Maryland, where the children attended public school. During that year petitioner lived in Baltimore, Maryland.

Petitioner filed a Federal income tax return for 2014. On it he reported wages of $6,948 and unemployment compensation of $1,824, or total income (as well as adjusted gross income) of $8,772. Also on his 2014 return petitioner elected "single" filing status, and he claimed dependency exemption deductions for the children, an additional child tax credit, and an earned income tax credit.

In support of the latter petitioner attached to his return a Schedule EIC, Earned Income Credit, on which he represented that the children resided with him for seven months during the year.

In a notice of deficiency respondent disallowed petitioner's claimed dependency exemption deductions, additional child tax credit, and earned income tax credit, thereby determining the deficiency of $3,362 for 2014 that is at issue in this case.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Deputy v. du Pont, 308 U.S. 488 (1940). Compare section 7491(a), which does not serve to effect any burden-shifting in the present case given petitioner's failure to raise the matter, much less demonstrate that the prerequisites for the application of the section have been satisfied. Accordingly, petitioner bears the burden of proof in this case.

## II.  Dependency Exemption Deductions

In computing taxable income section 151(c) allows as a deduction an exemption for each dependent of a taxpayer.  Section 152(a) defines "dependent" to include a "qualifying child".  In order to be a taxpayer's "qualifying child", an individual must:  (A) bear a specified relationship to the taxpayer; (B) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (C) satisfy certain age requirements; (D) have not provided more than one-half of his or her own support for the year; and, if married, (E) have not filed a joint return (other than only for a claim of refund) with his or her spouse.  Sec. 152(c)(1).

Respondent concedes that all but the second of the foregoing requirements are satisfied in the present case.  Thus, the parties' dispute centers on whether the children had the same principal place of abode as petitioner for more than one-half of 2014.

Petitioner contends that the children spent both a majority of hours and a majority of days with him in 2014.  However, the record in this case is much too wanting to support an analysis by hours, as any such analysis requires supposition and assumption.  Rather, the Court concludes that only an analysis by days is possible.  And at best, given the meager record, any meaningful analysis can be

based only on the number of nights that the children slept in the home of each parent.[2]

On brief petitioner posits that the children spent <u>every</u> weekend, <u>every</u> holiday, and the <u>entire</u> summer break with him and that the children were <u>never</u> with their mother other than during the school week. This strikes us as improbable.[3] The Court is not bound to accept testimony that is improbable, unreasonable, or questionable. <u>See</u> <u>Demkowicz v. Commissioner</u>, 551 F.2d 929, 931 (3d Cir. 1977), <u>rev'g</u> T.C. Memo. 1975-278; <u>see also</u> <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986). Nevertheless, the Court will indulge petitioner and proceed with its analysis generally along the lines he advocates; however, with respect to school holidays that fell in the middle of the school week, the Court concludes that it was more likely that the children continued to reside with their mother in order to more conveniently complete the school week, finding

---

[2] See and compare sec. 1.152-4(d)(1), Income Tax Regs., cited <u>infra</u> pp. 8-9 in the text in the context of the discussion of the special rule for children of divorced or separated parents. As applicable, the regulation provides that the custodial parent is the "parent with whom the child resides for the greater number of nights during the calendar year".

[3] One might wonder why the children, both teenagers in 2014, were so willing to be away from school friends for so much of the time. And one might also wonder about the likelihood of the children, a boy and a girl, being so inseparable that each <u>always</u> slept in the same parent's home as the other.

it unlikely that they would have traveled to Baltimore to stay with their father for just one night.

Admittedly the number of nights that the children slept in the home of each parent cannot be decided with certainty or any degree of incontestable precision on the limited record in this case. Each party has presented an analysis that, while favoring the offering party, indicates that the issue is exceptionally close. Likewise, the Court's independent analysis underscores the closeness of the issue. However, after weighing all the available evidence, and keeping in mind that petitioner does bear the burden of proof, the Court concludes that the children spent 175 nights at petitioner's home in 2014, as shown in the appendix at the end of this opinion. Because 175 nights is less than one-half of the calendar year, it cannot be said that the children had the same principal place of abode as petitioner for more than one-half of the taxable year. See sec. 152(c)(1)(B).

However, in the case of divorced or separated parents, section 152(e) provides a special rule to determine which parent is entitled to a dependency exemption deduction for a child. Generally, a child who is in the custody of one or both of the child's parents for more than one-half of the calendar year and receives more than one-half of his or her support from parents who are divorced or separated or who live apart at all times during the last six months of the calendar

year will be considered the qualifying child of the custodial parent. Sec. 152(e)(1). Section 152(e)(4)(A) defines the custodial parent as "the parent having custody for the greater portion of the calendar year." As discussed supra, the regulations similarly provide that the custodial parent is the "parent with whom the child resides for the greater number of nights during the calendar year". Sec. 1.152-4(d)(1), Income Tax Regs. According to the regulations, a child is treated as residing with a parent for a night if: (1) the child sleeps at the residence of the parent or (2) if the child sleeps in the company of the parent when the child does not sleep at a parent's residence. Id. subdiv. (i) and (ii). Section 152(e)(4)(B) defines the noncustodial parent as "the parent who is not the custodial parent." As discussed above, petitioner is the noncustodial parent.

Pursuant to section 152(e), a child will be treated as a qualifying child of the noncustodial parent rather than of the custodial parent when certain requirements are satisfied. One of the requirements is that the "custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year". Sec. 152(e)(2)(A).

The declaration required under section 152(e)(2) must be made either on a completed Form 8332, Release/Revocation of Release of Claim to Exemption for

Child by Custodial Parent, or on a statement conforming to the substance of Form 8332. Miller v. Commissioner, 114 T.C. 184, 189 (2000), aff'd sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); sec. 1.152-4(e)(1), Income Tax Regs. Form 8332 provides an effective and uniform way for a custodial parent to make the declaration required in section 152(e)(2)(A) for the benefit of the noncustodial parent. Armstrong v. Commissioner, 139 T.C. 468, 472 (2012), aff'd, 745 F.3d 890 (8th Cir. 2014).

Petitioner did not obtain a Form 8332, or a similar written statement, from Ms. Johnson. Without that form, or a similar written statement containing the information prescribed by section 152(e)(2), the Court is obliged to conclude that petitioner is not entitled to the dependency exemption deductions pursuant to section 152(e). See Swint v. Commissioner, 142 T.C. 131, 139 (2014).

On the basis of the foregoing, neither of the children was petitioner's qualifying child within the meaning of section 152(c) for 2014, and respondent's disallowance of the dependency exemption deductions is therefore sustained.

III. Child Tax Credit and Additional Child Tax Credit

Section 24(a) and (c)(1) provides that a taxpayer is entitled to a child tax credit with respect to each qualifying child, as defined in section 152(c), who has not attained age 17. Section 24(d) provides that a portion of the credit, commonly

referred to as the additional child tax credit, may be refundable. As we concluded that the children are not petitioner's qualifying children as defined in section 152(c) for 2014, it follows as a matter of law that petitioner is not entitled to either a child tax credit or an additional child tax credit for that year.

IV. Earned Income Tax Credit

Section 32(a)(1) allows an earned income tax credit to an eligible individual. The term "eligible individual" most commonly means an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). For purposes of the earned income tax credit, the term "qualifying child" generally means a qualifying child as defined in section 152(c). Sec. 32(c)(3). The Court has already held that the children are not petitioner's qualifying children as defined in section 152(c) for the year in issue.

However, an individual who does not have a qualifying child may also be an eligible individual if certain other requirements are satisfied. Sec. 32(c)(1)(A)(ii). The earned income tax credit, however, is completely phased out for such a taxpayer whose earned income equals or exceeds $14,590 for 2014. See Rev. Proc. 2013-35, sec. 3.06, 2013-47 I.R.B. 537, 540.

The term "earned income" generally means the sum of the taxpayer's wages and earnings from self-employment that are includable in gross income for the

taxable year. <u>See</u> sec. 32(c)(2). On the other hand, earned income excludes unemployment compensation. <u>See</u> sec. 1.32-2(c)(2), Income Tax Regs. Petitioner had earned income within the meaning of section 32(c) of $6,948 for 2014 and would appear to satisfy the other requirements to qualify for an earned income credit without regard to a qualifying child. The parties shall determine that matter and compute the allowable amount of the earned income credit as part of their Rule 155 computation.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

# APPENDIX

| Nights that petitioner's children spent at his home in 2014 | Number of nights per stay |
|---|---|
| Fri. Jan. 3 – Sat. Jan. 4 | 2 |
| Fri. Jan. 10 – Sat. Jan. 11 | 2 |
| Fri. Jan. 17 – Mon. Jan. 20 | 4 |
| Fri. Jan. 24 – Sat. Jan. 25 | 2 |
| Fri. Jan. 31 – Sat. Feb. 1 | 2 |
| Fri. Feb. 7 – Sat. Feb. 8 | 2 |
| Fri. Feb. 14 – Sun. Feb. 16 | 3 |
| Fri. Feb. 21 – Sat. Feb. 22 | 2 |
| Fri. Feb. 28 – Sat. Mar. 1 | 2 |
| Fri. Mar. 7 – Sat. Mar. 8 | 2 |
| Fri. Mar. 14 – Sat. Mar. 15 | 2 |
| Fri. Mar. 21 – Sat. Mar. 22 | 2 |
| Thurs. Mar. 27 – Sat. Mar. 29 | 3 |
| Fri. Apr. 4 – Sat. Apr. 5 | 2 |
| Fri. Apr. 11 – Sat. Apr. 19 | 9 |
| Fri. Apr. 25 – Sat. Apr. 26 | 2 |
| Fri. May 2 – Sat. May 3 | 2 |
| Fri. May 9 – Sat. May 10 | 2 |
| Fri. May 16 – Sat. May 17 | 2 |
| Fri. May 23 – Sun. May 25 | 3 |
| Fri. May 30 – Sat. May 31 | 2 |

| | |
|---|---:|
| Fri. Jun. 6 – Sat. Jun. 7 | 2 |
| Fri. Jun. 13 – Sat. Aug. 23 | 72 |
| Fri. Aug. 29 – Sun. Aug. 31 | 3 |
| Fri. Sept. 5 – Sat. Sept. 6 | 2 |
| Fri. Sept. 12 – Sat. Sept. 13 | 2 |
| Fri. Sept. 19 – Sat. Sept. 20 | 2 |
| Fri. Sept. 26 – Sat. Sept. 27 | 2 |
| Fri. Oct. 3 – Sat. Oct. 4 | 2 |
| Fri. Oct. 10 – Sat. Oct. 11 | 2 |
| Thurs. Oct. 16 – Sat. Oct. 18 | 3 |
| Fri. Oct. 24 – Sat. Oct. 25 | 2 |
| Fri. Oct. 31 – Sat. Nov. 1 | 2 |
| Fri. Nov. 7 – Sat. Nov. 8 | 2 |
| Fri. Nov. 14 – Sat. Nov. 15 | 2 |
| Fri. Nov. 21 – Sat. Nov. 22 | 2 |
| Wed. Nov. 26 – Sat. Nov. 29 | 4 |
| Fri. Dec. 5 – Sat. Dec. 6 | 2 |
| Fri. Dec. 12 – Sat. Dec. 13 | 2 |
| Fri. Dec. 19 – Sat. Dec. 20 | 2 |
| Tues. Dec. 23 – Wed. Dec. 31 | 9 |
| Total | 175 |