**LOVELL AND HART, INC., Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 71–1455.**

United States Court of Appeals, Sixth Circuit.

March 2, 1972.

---

Charles R. Hembree, Lexington, Ky., for appellant; Philip E. Wilson, on brief, Kincaid, Wilson, Schaeffer, Trimble & Hembree, Lexington, Ky., of counsel.

Richard Halberstein, Tax Dept., Dept. of Justice, Washington, D. C., for appellee; Fred B. Ugast, Acting Asst. Atty. Gen., Gilbert E. Andrews, Richard W. Perkins, Ann Belanger, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before CELEBREZZE and McCREE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

We consider an appeal from a decision of the Tax Court upholding the Commissioner's determination that appellant "constructively received" certain notes issued to its shareholders in exchange for property transferred by appellant to a corporation it controlled. The facts are explicated in the opinion of the Tax Court, reported at 39 P–H Tax Ct.Mem. ¶ 70,335 (1970), and we affirm on the basis of that opinion for the reasons set forth herein.

The Commissioner grounded his deficiency assessment upon § 351(b) of the

Internal Revenue Code.[1] He contended that, together with cash and equipment transferred by appellant to a newly formed controlled corporation in exchange for stock of the latter corporation, a transfer concededly tax-free under I.R.C. § 351(a), appellant, "in connection with the transfer of equipment" to the controlled corporation, constructively received notes valued at $59,939.56 issued by the controlled corporation to two of appellant's shareholders and thus realized gain under I.R.C. § 351(b) (1) (B). The deficiency notice characterized this gain as "ordinary income within the meaning of Section 1245 of the Internal Revenue Code." The Commissioner also contended that notes issued by other shareholders of the newly formed corporation to three of appellant's shareholders were issued "in connection with the transfer of . . . goodwill [by appellant]" and were, therefore, taxable to appellant as long-term capital gain. Appellant filed a petition in the Tax Court contesting these determinations.

Immediately before trial, the Commissioner conceded that appellant had not realized income from the notes issued by shareholders of the controlled corporation to shareholders of appellant. He further conceded that the gain realized by appellant, if any, on the notes issued by the controlled corporation to appellant's shareholders was taxable as capital gain rather than as ordinary income. He maintained, however, that appellant had transferred assets other than cash and equipment to the controlled corporation, for which the notes in question represented at least partial payment, and he based this contention on the fact that the books of the controlled corporation listed the notes as payable for "goodwill" in the amount of $161,439.56 received by the new corporation.

At trial, appellant offered testimony of Harold C. Watts, president of the controlled corporation and a former shareholder of appellant, who stated that appellant had transferred only cash and equipment to the controlled corporation. He asserted that the "goodwill" entry on the books of the transferee corporation and its issuance of the notes were part of a readjustment or "netting-out" of individual interests in an equipment rental partnership composed of substantially the same people who were shareholders of appellant. Appellant also offered the testimony of an official of the state highway department to support its contention that corporations engaged in the highway construction business, like appellant, possessed no transferable "goodwill." Appellant further contended that the pre-trial concessions of the Commissioner removed the presumption of correctness that had attached to the deficiency assessment and that the responsibility for initially offering proof accordingly shifted to the Commissioner.

The Tax Court, describing Watts' testimony as "vague and elusive" and as consisting of "four different explanations of the alleged transaction between [the controlled corporation] and [the

1. Internal Revenue Code § 351 provides in part:

(a) General Rule.—No gain or loss shall be recognized if property is transferred to a corporation (including, in the case of transfers made on or before June 30, 1967, an investment company) by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control (as defined in section 368(c)) of the corporation. For purposes of this section, stock or securities issued for services shall not be considered as issued in return for property.

(b) Receipt of property.—If subsection (a) would apply to an exchange but for the fact that there is received, in addition to the stock or securities permitted to be received under subsection (a), other property or money, then—

(1) gain (if any) to such recipient shall be recognized, but not in excess of—

(A) the amount of money received, plus

(B) the fair market value of such other property received;

and

(2) no loss to such recipient shall be recognized.

148

partnership] or its partners," and finding the implications of the state highway official's testimony "not altogether favorable to petitioner's position," held that the record supported the Commissioner's contention that the notes were transferred in connection with the transfer of petitioner's construction business to the controlled corporation. This was true, the court stated, regardless which party had the burden of proof. Moreover, the court held that the Commissioner's concessions did not affect the presumption of correctness attaching to the deficiency notice since the central question in the case—whether appellant realized income under I.R.C. § 351(b) (1) (B)—remained the same. Therefore, the court stated, the burden of proof rested on appellant to prove the assessment erroneous.

■ Appellant characterizes the Tax Court's conclusion that it constructively received the notes in question as without support in the record and contrary to "undisputed" evidence. We disagree, and we affirm on this point for the reasons stated by Judge Raum in the opinion below. Not only was there ample support in the record for the conclusion of constructive receipt as discussed by Judge Raum, but there was also no requirement that he accept Watts' testimony as controlling or as overcoming the presumption of correctness of the deficiency notice. The Tax Court "is not bound to accept testimony at face value even when it is uncontroverted if it is improbable, unreasonable or questionable." Commissioner of Internal Revenue v. Smith, 285 F.2d 91, 96 (5th Cir. 1960). See also Banks v. Commissioner of Internal Revenue, 322 F.2d 530, 548 (8th Cir. 1963); Anderson v. Commissioner of Internal Revenue, 250 F.2d 242, 247–48 (5th Cir. 1957), cert. denied, 356 U.S. 950, 78 S.Ct. 915, 2 L. Ed.2d 844 (1958). Our study of the record has convinced us that the court did not err in finding Watts' testimony to be vague and unconvincing and his explanations to be unsupported by the record.

■ Moreover, we hold that the Commissioner's concessions before trial did not affect the presumption of correctness that attached to his determination that appellant had constructively received the notes in question and thereby realized income. The concession concerning the notes issued by the shareholders of the controlled corporation related to an issue completely separable from the issue tried. *See* Hoffman v. Commissioner of Internal Revenue, 298 F.2d 784, 788 (3d Cir. 1962). And, as the Tax Court observed, the concession concerning the applicable tax rate did not affect the underlying substantive issue of the applicability of I.R.C. § 351(b) (1) (B). Appellant still had the burden of proof with respect to the issue whether it constructively received the notes issued by the controlled corporation.

The judgment of the Tax Court is affirmed.