43 F.3d 1473
 75 A.F.T.R.2d 95-432, 95-1 USTC P 50,024,
Pens. Plan Guide P 23903Z
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
W.L. MILLER, P.S.C.; W.L. Miller, P.S.C., Defined Benefit
Pension Plan and Trust; W.L. Miller, M.D., Ltd Pension
Plan; W.L. Miller, M.D., Ltd. Profit Sharing Plan; and
William L. Miller and H. Fae Miller, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-2432.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1994.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 We consider an appeal from a decision of the Tax Court upholding the Commissioner of Internal Revenue Service's ("Commissioner") contention that the statute of limitations did not bar the 1984 tax assessment as determined by the Commissioner. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 Taxpayers William L. Miller, M.D., Fae Miller, W.L. Miller, P.S.C., W.L. Miller P.S.C., Defined Benefit Pension Plan and Trust, W.L. Miller. M.D., Ltd. Pension Plan, and W.L. Miller, Ltd. Profit Sharing Plan, jointly filed a petition in the United States Tax Court for redetermination of income tax deficiencies and additions to tax determined against them. A brief recitation of the facts giving rise to this dispute follow.
 
 
 3
 William Miller ("Miller") incorporated his medical practice in 1976; he was the sole employee. Later the corporation adopted a pension benefit for him. Miller, the sole participant, served as trustee and invested the assets of the plan. The pension and profit sharing plans periodically made loans to Miller which were not evidenced by promissory notes. Miller periodically repaid the plans interest, plus principal. Miller maintained a written summary of the loans; however, his summary often conflicted with the ledger book he maintained to record plan transactions and investments.
 
 
 4
 Miller and his wife filed joint federal income tax returns for the taxable year 1984, showing gross income in the amount of $279,413. They did not include any of the loan proceeds received in 1984, in their reported income. It is undisputed, however, that on March 1, 1984, Miller borrowed a total of $122,976.55 from the pension and profit sharing plans.
 
 
 5
 On July 21, 1989, the pension and profit sharing plans were retroactively disqualified for plan years ending on and after December 31, 1984, because the plans were not timely amended in compliance with relevant provision of the Tax Equity and Fiscal Responsibility Act of 1982.
 
 
 6
 After the Commissioner audited taxpayers, he determined that the $122,976.55 in loans taxpayer received from his pension and profit sharing plans in 1984 constituted distributions taxable under I.R.C. Sec. 72(p), which governs loans treated as distributions to the extent that they exceed the $50,000 ceiling under Sec. 72(p)(2). Consequently, the Commissioner determined that the taxpayers improperly omitted $72,976.55 ($122,976.55 less $50,000) from gross income reported. The Commissioner provided notice of deficiency dated September 12, 1989.
 
 II.
 
 7
 Normally, the Commissioner has three years under Sec. 6501(a) of the Internal Revenue Code to assess additional tax. 26 U.S.C. Sec. 6501(a). Under I.R.C. Sec. 6501(e)(1)(A), if the taxpayer omits from gross income an amount that is properly includable and exceeds twenty-five percent of the amount of gross income stated in the return, the tax may be assessed within six years after the return was filed. According to the Commissioner, the 1984 omission exceeded the twenty-five percent figure. Consequently the notice of deficiency he issued on September 12, 1989, was within six years of the date upon which the return was filed, April 15, 1985.
 
 
 8
 The parties submitted the case to the Tax Court, on the stipulated facts. The Tax Court rejected plaintiff's assertion that the exception to the six-year statute of limitations contained in Sec. 6501(e)(1)(A)(ii) applied. Under Sec. 6501(e)(1)(A)(ii), if the taxpayer adequately apprises the Commissioner of the nature and amounts of the loans, the six-year statute is inapplicable. Taxpayers do not appeal the finding that their return contained no such disclosure.
 
 
 9
 Their appeal is based on an argument that taxpayers first asserted in a post-trial brief. In their brief, taxpayers maintained that $4,092 of the $72,976.55 determined to be taxable loan proceeds constituted a return to taxpayer of a nondeductible employee contribution Miller allegedly made to his pension plan in 1979, and withdrew in 1984. Taxpayers noted that if the omitted income is reduced by the $4,092, the twenty-five percent minimum is no longer reached.[1] The only evidence in support of taxpayers' contention was an entry in the ledger maintained by Miller.
 
 
 10
 The Tax Court addressed this late-pleaded argument in its decision. In finding the argument unpersuasive, the Tax Court relied on the weight of the evidence; that the bookkeeping entries, made by taxpayer, were confusing and unsubstantiated; and that even if true, the allegation was raised too late in the proceedings to be considered.
 
 
 11
 The Tax Court is not "bound to accept testimony at face value even when it is uncontroverted if it is improbable, unreasonable, or questionable," Lovell & Hart, Inc. v. Commissioner, 456 F.2d 145, 148 (6th Cir.1972) (citation omitted), and we hold that its finding that the ledger was not credible evidence is not clearly erroneous. Additionally, we note that the introduction of this argument, based on a new legal theory, after discovery had been completed and after the decision to dispense with an evidentiary hearing had been made, disadvantages the Commissioner.
 
 III.
 
 12
 Taxpayers argue that although the Commissioner has the burden of proving that the six-year limitation period applies, the Tax Court placed the burden on taxpayers. We disagree. To obtain the extended limitation, Commissioner must show that omitted amounts of money were properly includable in the gross income and that an amount in excess of twenty-five percent was omitted. Here, the issue is not whether the loans exceeded twenty-five percent of gross income, but whether the $72,976.55 was properly characterized as a distribution.
 
 
 13
 The stipulated facts in this case verified the amount of income and the amount of the loan. These stipulations satisfy the Commissioner's burden of showing that the money, less $50,000, should have been included as income. Millers never protested the amount of the loan; they relied on an adequate disclosure exception. The taxpayers' evidence offered to dispute their stipulation, that the loan total included a tax-free withdrawal of nondeductible employee contribution, did not rebut the stipulation in a manner deemed credible by the Tax Court. Therefore, we hold that the Commissioner met his burden of showing that the loan was includable income.
 
 
 14
 Accordingly, we AFFIRM.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Taxpayers reported gross income of $279,413. For the six-year period of limitations to apply, they must have omitted an amount in excess of $69,853. If $4,092 of the $72,977 was a nondeductible employee contribution, the omission is reduced to $68,853, and the six-year limitation no longer applies