**In re Michael A. EACUEO, Debtor.**

No. 01–11939.

United States Bankruptcy Court,
D. Rhode Island.

May 5, 2003.

Charles A. Pisaturo, Jr., Esq., Providence, RI, for Debtor.

David H. Sholes, Esq., Warwick, RI, for Creditors William & Debra Woodcock.

Marc Wallick, Esq., Wallick & Paolino, Warwick, RI, Chapter 7 Trustee.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Debtor's Motions to reopen this no-asset, Chapter 7 bankruptcy case, and amend Schedule F to add William and Debra Woodcock as unsecured creditors. At issue is whether the Debtor's Motion to Amend is made in good faith, or whether the Woodcocks were intentionally omitted from his schedules by the Debtor.

■■■■■ The first question, i.e., whether to re-open, is easy, and that request is GRANTED.[1] As for the second and more difficult issue, the standard to be used in determining whether to allow the Debtor to add a creditor is found in Fed R. Bankr.P. 9006(b)(1):

> subject to exceptions not applicable here, when the bankruptcy rules require that an act be done, or permit it to be done, within a specified period and the movant moves to enlarge the period only after it expires, "the court for cause shown may at any time in its discretion ... permit the act to be done where the failure to act was the result of excusable neglect." F.R. Bankr.P. 9006(b)(1). Therefore, a debtor seeking to schedule a creditor after the case is closed bears the burden of establishing (1) that failure to amend the list of creditors and the schedule of liabilities before the close of the case—that is, within the time permitted by Rule 1009(a)—was the result of excusable neglect and (2) that cause exists to schedule the creditor. The determination of whether particular circumstances constitute cause to amend is entrusted to the sound discretion of the bankruptcy judge. F.R.Bankr.P. 9006(b)(1) ("the court ... *may ... in its discretion ...* permit the act to be done" (emphasis added)).

*In re Moretti,* 260 B.R. 602, 607–08 (1st Cir. BAP 2001).

Disputes like this one are very fact specific, and the facts, as established by the veracity of the testimony, rule the outcome. The Debtor here, a contractor, testified that he was renovating the Woodcock's home, that things were going very well, and that the project was all but complete. This was a $40,000 contract and the Woodcocks had paid Eacueo the full amount before the parties parted company. Eacueo insists that the Woodcocks were very pleased with all of his work until the day he failed to return a phone call by

---

1. The Debtor has other motions pending involving unrelated creditors.

Mrs. Woodcock. He testified, unconvincingly, that this single incident caused the Woodcocks to throw him off the job, hold his tools hostage, file criminal assault charges against him, and to pay another contractor to complete the contract. He denied, in cross examination, the suggestion that the Woodcocks were becoming increasingly dissatisfied with his work during the project.

The objective evidence is that just prior to filing his bankruptcy petition on May 10, 2001, Eacueo pleaded *nolo contendere* in the Providence County Superior Court to the charge of criminal assault. Eacueo says that he pleaded to the criminal charge "to get the matter behind me and to save legal expenses." On cross examination, Eacueo conceded that he was represented by a public defender and was not paying for his defense. Damaging his credibility even more, Eacueo now insists that he is not guilty of the assault charge and that the accusations against him are false. After the criminal matter was concluded, the Woodcocks filed a civil action against Eacueo in Superior Court on May 18, 2001— merely eight days after the Chapter 7 filing, with service of the summons and complaint on July 25, 2001. Despite all of this, it never occurred to Chapter 7 Debtor Eacueo to include the Woodcocks as creditors in his schedules, or to inform his bankruptcy attorney that he was being sued for a pre-petition debt. He explains that he was preoccupied with issues of marital discord and financial burdens, and that is why he did not think to list the Woodcocks in his bankruptcy. On October 1, 2001, the Superior Court entered a default against Eacueo for failing to answer the complaint, and it was only after entry of the default that the Woodcocks first learned of the bankruptcy filing.

Although Eacueo's testimony concerning all of the operative facts is uncontradicted,[2] it is not believable, and is rejected. *Lovell & Hart, Inc. v. Commissioner,* 456 F.2d 145, 148 (6th Cir.1972)(a Court does not have to accept testimony, even if unrebutted, where the circumstances surrounding the events do not lend credence to that testimony). The Debtor's version of the facts makes no sense in the context of this dispute, and is not worthy of any consideration. The Woodcocks were on his heels during the project, then criminally, and then civilly, in a scenario described by Eacueo as a builder/customer paradise.

Even under the virtually non-existent movant's burden under *Pioneer,* I find that the Debtor has failed to establish excusable neglect as the reason for his failure to list the Woodcocks as creditors. Whatever his reasons, this Debtor has not and is not now acting in good faith, and for that reason the Motion to Amend Schedule F to add the Woodcocks as creditors is DENIED, with prejudice.

Enter Judgment consistent with this opinion.

---

2. Creditor counsel's decision not to have the Woodcocks testify was a risky one, and could have been fatal to their cause, were it not for the Debtor's lack of credibility and his utter failure to establish his version of what took place.